359 P.2d 21

**BISH'S SHEET METAL COMPANY, a Utah corporation, Plaintiff and Respondent,**

v.

**Chris J. LURAS, d/b/a Liberty Bell Bakery Company, Defendant and Appellant.**

No. 9309.

Supreme Court of Utah.

Feb. 3, 1961.

H. G. Metos, Salt Lake City, for appellant.

Thomas A. Duffin, Salt Lake City, for respondent.

WADE, Chief Justice.

Bish's Sheet Metal Company as plaintiff commenced this suit in the city court

wherein the court granted a judgment of "No Cause of Action" in favor of the defendant, Chris J. Luras, who is the appellant herein. This judgment was entered on February 4, 1960. On February 3, a notice of appeal was mailed to appellant's attorney. The notice of appeal was filed on February 26, 1960. On retrial of the case in the district court judgment was given in favor of Bish's Sheet Metal Company, who is the respondent herein.

The sole ground of appeal to this court is that the district court lacked jurisdiction to try the case because the appeal was taken prematurely.

Rule 73(h), U.R.C.P. relating to appeals from a city court to the district court provides that:

"An appeal may be taken to the district court from a final judgment rendered in a city or justice court within one month after notice of the entry of such judgment, or within such shorter time as may be provided by law. The party appealing shall within the time allowed, serve upon the adverse party a notice of appeal and file the same, * * *."

Rule 73(l), U.R.C.P. provides that:

"Failure of the appellant to take any of the further steps to secure the review of the case, except *filing* notice of appeal and *depositing the fees* therefor, shall not affect the validity of the appeal but is ground for such action as the district court deems appropriate, which may include dismissal of the appeal. * * *" (Emphasis ours.)

It is apparent that Rule 73(h), U.R.C.P. provides that an appeal must be taken within one month after notice of entry of judgment and the appellant must serve and file a notice of appeal upon the adverse party. It is equally clear by the provisions of Rule 73(l), U.R.C.P. that the filing of the notice of the appeal and the payment of the fees therefor within the time allowed are the only requirements necessary for the court to have jurisdiction. All other steps, therefore, cannot affect the jurisdiction but any failure to follow the dictates of the rules makes the appellant subject to appropriate action by the court which may even include dismissal of the appeal. Since the notice of appeal was filed after the entry of the judgment the fact that the service was made before such entry did not affect the jurisdiction of the court to try the case. It merely could have subjected respondent to a dismissal of the appeal or other action in the discretion of the court.

Defendant does not claim relief from this judgment for lack of notice or knowledge of such appeal or the proceedings thereunder in the district court. The record indicates that he had notice of

such appeal and presented his defense and was accorded due process of law in that respect. If a showing were made that, regardless of the safeguards against such an occurrence the district court reversed the decision of the city court on an appeal without due notice or knowledge of such appeal or the proceedings in the district court to the party who prevailed in the city court, such a showing would establish a lack of due process of law. The aggrieved party under such a showing would be entitled to relief from the judgment of the district court under subdivision (7) of Rule 60(b) Utah Rules of Civil Procedure even after the expiration of three months because relief from a judgment on account of a lack of due process of law is not expressly provided for by such rule.[1]

Affirmed. Costs to respondent.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

[1]. Rule 60(b), U.R.C.P. "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) when, for any cause, the summons in an action has not been personally served upon the defendant as required by Rule 4(e) and the defendant has failed to appear in said action; (5) the judgment is void; (6) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or *(7) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2), (3), or (4), not more than 3 months*

---

*after the judgment, order, or proceeding was entered or taken.* A motion under this subdivision (b) *does not affect* the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud upon the court. The procedure for obtaining any

relief from a judgment shall be by motion as prescribed in these rules or by an independent action." (Emphasis ours.)