408 P.2d 906

**Loris MARSH, Plaintiff and Respondent,**

**v.**

**UTAH HOMES, INC., a corporation, Defendant and Appellant.**

**No. 10370.**

Supreme Court of Utah.

Dec. 13, 1965.

L. M. Haynie, Salt Lake City, for appellant.

Theodore Bohn, Ogden, for respondent.

CALLISTER, Justice.

Plaintiff was granted a judgment against defendant by the Ogden City Court. The defendant sought an appeal to the District Court. The latter court, upon proper motion of plaintiff, dismissed the appeal for failure of defendant to deposit the required fees. Defendant appeals from this order of dismissal.

The judgment of the city court was signed by the judge on December 9, 1964, and a copy thereof mailed to defendant's attorney the same day. However, the clerk of the court did not enter the judgment until the following day. On January 7, 1965, defendant filed its notice of appeal, but did not deposit the required fees at the same time. The fees, together with an undertaking for costs, were deposited later, but after more than one month from the entry of judgment had elapsed.

The main question presented is whether the payment of the fees for docketing the appeal in the District Court is jurisdictional. This was answered in the affirmative by this court in Bish's Sheet Metal Co. v. Luras[1] wherein it was stated:

It [was] apparent that Rule 73(h), U.R.C.P. provides that an appeal must be taken within one month after notice of entry of judgment and the appellant must serve and file a notice of appeal upon the adverse party. It is equally clear by the provisions of Rule 73(*l*), U.R.C.P., that the filing of the notice of the appeal *and the payment of the fees* therefor within the time allowed are the only requirements necessary for the court to have jurisdiction. * * * (Emphasis added.)

Defendant argues, however, that the fees were timely paid because the time for appeal had not commenced running for the reason that it never received notice of the entry of the judgment. Its position is that the copy of the signed judgment which plaintiff mailed to defendant the day before it was entered did not constitute a "notice of entry of judgment" as provided in Rule 73(h). Under the circumstances of this case, we hold otherwise.

First of all, the receipt of a copy of a judgment signed by the court should alert the recipient that it had either been entered or that its entry was imminent. Proper inquiry could have disclosed the actual fact. Certainly, defendant was not misled, for it filed its notice of appeal within one month after entry of judgment.

Affirmed. Costs to plaintiff.

1. 11 Utah 2d 357, 359 P.2d 21 (1961).

HENRIOD, C. J., and WADE, J., concur.

CROCKETT, Justice (dissenting).

I dissent. The difficulty I see with this case is that on the one hand it allows the plaintiff the advantage of liberality in procedure for his actions and on the other, imposes a very strict standard of compliance upon the defendant. Rule 73(h) provides that "An appeal may be taken to the District Court * * * within one month after notice of the entry of such judgment." It is significant that here there had been no exact fulfillment of the requirement of giving "notice of the entry of such judgment" by the plaintiff. A day before the judgment was entered, plaintiff caused a carbon copy of a proposed judgment, purportedly signed by the judge, but actually signed by himself, to be mailed to the defendant. On his behalf he claims that this is substantial compliance; that it actually informed the defendant; and that no one was hurt or misled. It seems to me that if this liberal view is indulged in his behalf, fairness requires that similar liberality be indulged in behalf of the defendant.

Defendant filed his notice of appeal on time which invoked the jurisdiction of the District Court and which this court has held to be the jurisdictional requirement. See Penman v. Eimco Corp., 114 Utah 16,

196 P.2d 984; also the later case of Buckner v. Main Realty and Insurance Co., 4 Utah 2d 124, 288 P.2d 786, which indicates that Rule 73(h) was not intended to change the procedure governing appeals from city courts as it existed under former statutes. No one will dispute that the failure to pay the proper fee until a few days later was a defect in procedure. However, just as is said in regard to the plaintiff's failure to strictly comply, no one was hurt or misled. Particularly, the plaintiff was not in any way adversely affected.

It would be less than candid not to acknowledge that if we apply the rule in the strictest literalness there is a difficulty with my position. This is pointed up by the language quoted in the main opinion from the case of Bish's Sheet Metal Co. v. Luras. However, I think that case is distinguishable and not controlling here. It will be noted that the actual holding in the case was that the appeal to the District Court was valid, and that it had jurisdiction. This court affirmed the judgment, and the recital quoted was but obiter dicta in the decision.

I am both aware of and committed to the advisability generally of orderliness of procedure by adhering to rules. Nevertheless, it seems to me that it is often a mistake to attempt to see all of the law in the strict and literal application of one single statute, particularly where it results in depriving

a party of a legal right or an opportunity to have it adjudicated, whereas, following other provisions of the law would avoid such an arbitrary result. While the instant case may not be of great importance in itself, the ruling becomes our established decisional law and it may result in serious injustice in some cases where through some inadvertence or happenstance the payment of fees or the posting of a bond may not coincide exactly with the filing of a notice of appeal.

One of the purposes of the adoption of our new Rules of Civil Procedure was to eliminate rigidities which had become engrafted into procedure and to provide some degree of liberality where that is necessary to effectuate justice. See statement in Morris v. Russell, 120 Utah 545, 236 P.2d 451, 26 A.L.R.2d 947. It is also provided in Sec. 68–3–2, U.C.A.1953, that "the statutes of this state * * * and all proceedings under them are to be liberally construed with a view to effect the objects of the statutes and to promote justice." In accordance with this liberal view I would prefer to adhere to the doctrine of the case of Penman v. Eimco, supra, and allow the defendant its appeal. Cf. statement re payment of fees in Foley v. Foley, 147 Cal. App.2d 76, 304 P.2d 719.

McDONOUGH, J., concurs in the dissenting opinion of CROCKETT, J.