**STATE of Missouri, Respondent,**

v.

**William Marvin WORL, Appellant.**

**No. 9775.**

Missouri Court of Appeals,
Springfield District.

Dec. 15, 1975.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Bruce W. Simon, Kansas City, for appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

Defendant was convicted by a Hickory County jury of having possessed firearms while intoxicated, but could not agree upon punishment. § 564.610.[1] After defendant's timely motion for a new trial was argued and overruled, the trial court on December 19, 1973, per Rules 27.03 and 27.09, granted allocution, rendered judgment and pronounced a sentence of imprisonment of 3 years.

On the eighth day after judgment, i. e., December 27, 1973, the clerk of the trial court received from defendant a notice of appeal to the Supreme Court. Under date of March 29, 1974, the clerk wrote defendant's counsel: ". . . some time ago I contacted you by phone to remind you that you had *not* paid a docket fee. ($20.00) . . .. The Notice of Appeal has *not* been sent to the Supreme Court, but will be as soon as you take care of these matters."

The next entry in the transcript on appeal recites that "on May 10, 1974, defendant-appellant's Notice of Appeal to the Supreme Court of Missouri was filed by the Clerk of the Circuit Court of Hickory County . . . ; that *this Notice of Appeal, being dated May 10, 1974,*" etc. (Our emphasis). Under date of May 14, 1975 [1974?], the Clerk of the Supreme Court returned to the clerk of the trial court the notice of appeal "and your check No. 206 in the amount of $20.00" because "The notice of appeal does not show 'filing' by your office, nor has your office completed the certification on the reverse side of the form." Apparently the circuit clerk again

---

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and to Missouri Su- preme Court Rules of Criminal and Civil Procedure, V.A.M.R.

sent the notice of appeal and the check to the Supreme Court for under date of June 8, 1974, the Clerk of the Supreme Court once more returned the notice and check to the trial court.

Following the foregoing, the transcript on appeal states: "Thereafter, on June 26, 1974, Notice of Appeal to the Missouri Court of Appeals, Springfield District, dated June 24, 1974, was filed with the Circuit Clerk of Hickory County." This notice of appeal, together with the $20.00 docket fee, was received and filed in this court on June 28, 1974.

There is nothing in the transcript or record of this court tending to show that any of the notices of appeal were filed pursuant to a special order of this court as authorized by Rule 28.07. We are advised that the Supreme Court has likewise not made such a special order, and, of course, the time for doing so has long since expired.

Rule 28.03 provides: "After the rendition of final judgment in any criminal case, the defendant shall be entitled to take an appeal as provided in these Rules. An appeal shall be taken by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases." Rule 81.04 states: "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final. . . . The docket fee of $20.00 in the appellate court shall be deposited with the clerk of the trial court at the time of filing the notice of appeal. No notice of appeal shall be accepted and filed by the clerk of any trial court unless said docket fee is deposited therewith."

The first purported notice of appeal was received by the clerk of the trial court eight days after the judgment had been entered and sentence pronounced on December 19, 1973. However, the docket fee was not then deposited with the clerk of the trial court and had not been deposited for three months thereafter when the circuit clerk wrote the letter of March 29, 1974. Until the docket fee has been paid or waived, there can be no valid filing of a notice of appeal. *Application of Holt*, 518 S.W.2d 451, 453[3] (Mo.App.1975). "This notice of appeal was not timely filed because the docket fee, *without which the notice of appeal is ineffective*, was not deposited with the circuit clerk within ten days after the [judgment] became final; therefore we do not have jurisdiction of the appeal." *State v. Brookshire*, 400 S.W.2d 61, 63[2] (Mo.1966).

The notices of appeal dated May 10, 1974, and June 26, 1974, were clearly out of time and completely abortive.

The appeal is dismissed.

All concur.