**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Dennis Keith DITTMAN,
Defendant-Appellant.**

**No. 10568.**

Missouri Court of Appeals,
Springfield District.

Nov. 22, 1977.

Motion for Rehearing or to Transfer to
Supreme Court Denied Dec. 2, 1977.

John D. Ashcroft, Atty. Gen., Paul Robert
Otto, Asst. Atty. Gen., Jefferson City, for
plaintiff-respondent.

Paul Crider, Jr., Public Defender, Rolla,
for defendant-appellant.

PER CURIAM:

Defendant, a second offender, was found
guilty of receiving stolen property. § 560.-
270, V.A.M.S. On December 6, 1976, de-
fendant's after-trial motions were overruled
and defendant was duly sentenced to im-
prisonment for a period of five years.
Thereafter, on December 14, 1976, defend-
ant filed his notice of appeal unaccompa-
nied by the $20 docket fee required by Rule
81.04, V.A.M.R. On the same date his no-
tice of appeal was filed (December 14), de-
fendant filed a motion to perfect the appeal
as a poor person. On the twenty-first day
after judgment or on the thirteenth day
after the notice of appeal was filed (i. e.,
December 27, 1976), the trial court entered
an order permitting defendant to appeal as
a poor person.

"Rule 81.04 [supra] provides: ' . . .
No such appeal shall be effective unless the
notice of appeal shall be filed not later than
ten days after the judgment or order ap-
pealed from becomes final. . . . The
docket fee of $20.00 in the appellate court
shall be deposited with the clerk of the trial
court at the time of filing the notice of
appeal. No notice of appeal shall be accept-
ed and filed by the clerk of any trial court
unless said docket fee is deposited there-
with.' The notice of appeal . . . was
timely sent to the circuit clerk. However,
the notice was not accompanied with the
$20.00 docket fee and at the time it was
filed the court had not entered an order
waiving payment of same. The filing of
the notice of appeal by the circuit clerk was
invalid and ineffective. *State v. Keeney*,
536 S.W.2d 518 (Mo.App.1976); *State v.
Peck*, 536 S.W.2d 511 (Mo.App.1976); *State
v. Worl*, 531 S.W.2d 294 (Mo.App.1975); *Ap-
plication of Holt*, 518 S.W.2d 451 (Mo.App.
1975). Because the filing of the . . .
notice of appeal was invalid . . ., we
have no jurisdiction. *State v. Brookshire*,

400 S.W.2d 61 (Mo.1966)." *Keeney v. State,* 556 S.W.2d 514 (Mo.App.1977).

The appeal is dismissed.

All concur.