**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Thomas Edward LAWSON,
Defendant-Appellant.**

**No. 10780.**

Missouri Court of Appeals,
Springfield District.

Dec. 19, 1977.

Motion for Rehearing Denied
Jan. 4, 1978.\*

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Sandra L. Skinner, Budd & Skinner, Springfield, for defendant-appellant.

\* Motion for reinstatement treated as motion for rehearing and denied.

PER CURIAM:

A jury in the Circuit Court of Greene County found defendant, a habitual offender, guilty of assault with intent to do great bodily harm. § 559.190, V.A.M.S. On August 11, 1977, defendant's motion for a new trial was heard and overruled, defendant was afforded allocution and sentenced by the court to five years' imprisonment.

The circuit clerk on August 16, 1977, without having received the $20 docket fee required by Rule 81.04, V.A.M.R., improperly filed defendant's notice of appeal. On August 25, 1977, or on the 14th day after sentence and judgment, the trial court "sustained defendant's application and/or motion to appeal as a poor person."

"Rule 81.04 [supra] provides: '. . . No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final. . . . The docket fee of $20.00 in the appellate court shall be deposited with the clerk of the trial court at the time of filing the notice of appeal. No notice of appeal shall be accepted and filed by the clerk of any trial court unless said docket fee is deposited therewith.' The notice of appeal . . . was timely sent to the circuit clerk. However, the notice was not accompanied with the $20.00 docket fee and at the time it was filed the court had not entered an order waiving payment of same. The filing of the notice of appeal by the circuit clerk was invalid and ineffective. *State v. Keeney,* 536 S.W.2d 518 (Mo.App.1976); *State v. Peck,* 536 S.W.2d 511 (Mo.App.1976); *State v. Worl,* 531 S.W.2d 294 (Mo.App.1975); *Application of Holt,* 518 S.W.2d 451 (Mo.App. 1975). Because the filing of the . . . notice of appeal was invalid . . ., we have no jurisdiction. *State v. Brookshire,* 400 S.W.2d 61 (Mo.1966)." *Keeney v. State,* 556 S.W.2d 514–515 (Mo.App.1977).

Appeal dismissed.[1]

All concur.

1. The attention of counsel for defendant is directed to the provisions of Rule 28.07, V.A.M.R.