**STATE of Missouri, Plaintiff-Respondent,**

v.

**Calvin HANSON, Jr., Defendant-Appellant.**

**No. 10862.**

Missouri Court of Appeals, Springfield District.

March 7, 1978.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David R. Fielder, Hamra & Fielder, Springfield, for defendant-appellant.

PER CURIAM:

A jury on April 13, 1977, found defendant guilty of the crime of capital murder. Defendant's motion for a new trial was heard and overruled June 3, 1977, and defendant was granted allocution and sentenced to life

imprisonment upon certain conditions not here germane. Defendant's notice of appeal was filed June 13, 1977, but contrary to certain inaccurate recitations contained in the notice, the court did not grant defendant leave to appeal in forma pauperis until June 28, 1977, or on the 12th day after the notice of appeal was to have been filed and the docket fee paid.

Inter alia, Rule 81.04, V.A.M.R., provides that the notice of appeal shall not be effective unless it be "filed not later than ten days after the judgment or order appealed from becomes final. . . . The docket fee of $20.00 in the appellate court shall be deposited with the clerk of the trial court at the time of filing the notice of appeal. No notice of appeal shall be accepted and filed by the clerk of any trial court unless said docket fee is deposited therewith."

Albeit the notice of appeal was timely, though improperly filed by the clerk of the trial court, its filing was invalid and ineffective because it was not accompanied by the $20.00 docket fee and because the trial court's order permitting defendant to appeal in forma pauperis was not entered until the time for filing the notice of appeal had long since expired. *State v. Keeney*, 536 S.W.2d 518 (Mo.App.1976). As the notice of appeal was untimely filed and, hence invalid, we have no jurisdiction. *State v. Lawson*, 560 S.W.2d 324 (Mo.App.1977).

The appeal is ordered dismissed and defense counsel is admonished to con the provisions of Rule 28.07, V.A.M.R.

All concur.