PER CURIAM.
This petition for certiorari comes to us from an order of a three-judge panel of the circuit court which dismissed petitioner’s appeal from county court. It is undisputed that the last day for filing the notice of appeal was November 2, 1981. The circuit judges found that the notice of appeal was filed November 3, 1981, and was thus untimely.
Initially, we note that the notice itself has “November 3 filed” stamped on it. However, there were several affidavits filed below which asserted that the notice of appeal was actually delivered to the clerk’s office on October 30,1981, but was not filed until later because the filing fee did not originally accompany the notice. Williams v. State, 324 So.2d 74 (Fla.1975), holds that timely payment of the filing fee is not jurisdictional. In the order dismissing the appeal, the circuit court made no finding of when the notice of appeal was initially received by the clerk’s office.[1] Therefore, the petition for certiorari is granted and the cause is remanded for proceedings consistent herewith.
CERTIORARI GRANTED.
SCHEB, A.C.J., and RYDER and DAN-AHY, JJ., concur.

. Another issue, not addressed in the order, is whether the notice of appeal was delivered to the proper court clerk’s office. See LampkinAsam v. District Court of Appeal, 364 So.2d 469 (Fla.1978). However, we note that the notice of appeal has a filed stamp indicating it was filed with Sal Geraci, Clerk of Circuit Court, and two other stamps indicating it was filed in the office of Sal Geraci, Clerk of the County Court, both on November 3, 1981. The county court was the proper court.