**The STATE of Utah, Plaintiff and Respondent,**

v.

**Larry JOHNSON, Defendant and Appellant.**

No. 20032.

Supreme Court of Utah.

May 21, 1985.

---

1. Defendant testified that she and her boyfriend    had broken up several weeks before trial.

Edward K. Brass, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Stephen Schwendiman, Bruce Hale, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant Larry Johnson seeks to vacate the order of the district court dismissing his appeal for his failure to pay the statutory filing fees. We hold that payment of filing fees in a criminal appeal, or in the alternative to proceed *in forma pauperis*, is a jurisdictional prerequisite for perfecting an appeal.

Johnson entered a plea of guilty to a DUI charge in the Garfield County Justice Court on March 23, 1984. After sentencing on April 4, 1984, he filed a timely appeal to the Sixth District Court, but did not pay any filing fees. Plaintiff moved to dismiss the appeal, and the motion was granted by the district court. This appeal followed.

■ This Court has jurisdiction on appeal from the district court's order dismissing defendant's appeal of the judgment of the justice's court inasmuch as this case involves the constitutionality of the district court's interpretation of U.C.A., 1953, § 77-1-6. *State v. Taylor*, Utah, 664 P.2d 439 (1983); *State v. Munger*, Utah, 642 P.2d 721 (1982).

## I.

Johnson assails the dismissal on the ground that article I, section 12 of the Utah Constitution prohibits the imposition of any fees as a condition of appeal to the district court. That section provides that "[i]n no instance shall any accused person, before final judgment, be compelled to advance money or fees to secure the rights herein guaranteed."

■ Johnson also relies on a parallel provision in section 77-1-6(2)(b), which provides: "No accused person shall, before final judgment, be compelled to advance money or fees to secure rights guaranteed by the Constitution or the laws of Utah...." Johnson contends his conviction in the justice's court was not a "final judgment" in that when he appealed, he would be "tried anew in the district court" pursuant to Rule 26(k)(1), Utah R.Crim.P. It is generally accepted that the imposition of sentence is required for finality of a judgment of conviction. *See State ex rel. Mahoney v. Ronald*, 117 Wash. 641, 202 P. 241 (1921); and *Stowe v. State*, 2 Wash. 124, 25 P. 1085 (1891). Sentence was imposed against Johnson by the justice's court on April 4, 1984. The logical interpretation of section 77-1-6(2)(b) mandates that we conclude that the word "final," as it is used in that section, refers to the resolution of the case in the court of first impression. If we were to follow Johnson's reasoning, a judgment would never be final until all avenues of appeal had been exhausted.

■ Here, Johnson was convicted and sentenced by the justice's court. If he had not appealed that conviction, he would have been bound by that judgment and the sanctions which it imposed. The fact that an appeal from a judgment of the justice's court is taken and the case is tried anew in the district court does not make the prior judgment less than "final." The district court on appeal must hear the case de novo because no record is made in the justice's court of the testimony and evidence. The proceedings in the district court are nevertheless termed in article VIII, section 9 of the Utah Constitution to be an "appeal" which can be taken only from a "final judgment" of the justice's court. We believe that "final judgment" in article I, section 12 relating to the payment of fees is synonymous with "final judgment" in article VIII, section 9 relating to judgments of the justice's court which may be appealed. Thus, Johnson's conviction and the subsequent imposition of sentence in the justice's court constituted a "final judgment," and the proscription of article I, section 12 against imposition of fees no longer applied.

Johnson relies on the early case of *Salt Lake City v. Robinson*, 39 Utah 260, 116 P. 442 (1911), in which this Court held that "clerk's fees" could not be taxed as costs

against an unsuccessful criminal appellant. *Id.* at 274, 116 P. at 448. However, that case does not aid Johnson. Interpreting the statutes in effect at that time, we distinguished "clerk's fees," which were in payment of the clerk's services, from other fees and costs which we held could lawfully be imposed on a criminal appellant. We stated:

> [A]fter a final judgment has been entered against a defendant in a criminal prosecution—he no longer need be, nor is, protected by the state against costs. Nor is there any good reason why the taxpayers of this state should provide the means whereby those who are convicted of crime may have their cases reviewed on appeal....

*Id.* at 275, 116 P. at 448. Furthermore, section 4966, Comp.Laws 1907, which was relied upon by the Court in that case to prohibit the imposition of "clerk's fees" on criminal appellants (which section was carried forward into the 1953 Code as section 77–39–12), was repealed in 1980 by the enactment of our present criminal code of procedure, section 77–1–1, *et seq.*, which contains no comparable section.

■ Nothing in our constitutional language precludes the State from charging appellate filing fees or other appellate costs. However, a criminal defendant does not lose his constitutional right to appeal because of his inability to pay filing fees. Equal protection considerations command otherwise. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 11 L.Ed. 891 (1956). Under U.C.A., 1953, § 21–7–3 an impecunious defendant in a criminal case may attest to his indigent status and thereby avail himself of his appellate rights. Johnson failed to make a claim of indigency to the district court. If Johnson were in fact indigent, he would have been afforded an alternative to the payment of fees.

## II.

The last issue we must resolve is whether the payment of filing fees, like the timely filing of the notice of appeal, is jurisdictional and therefore necessary to perfect a timely appeal. Rule 73(h), Utah R.Civ.P., which governs an appeal to the district court from a judgment rendered in a justice's court, specifically provides:

> [t]he appeal shall be dismissed by the district court to which taken upon motion and notice, unless at the time of filing the notice of appeal the party appealing shall deposit into court *the fees required by law to be paid in connection therewith, including both the fees for the lower court and for docketing the appeal in the district court.*

(Emphasis added.) Interpreting this rule, we have held that the timely payment of fees was jurisdictional. In *Marsh v. Utah Homes, Inc.*, 17 Utah 2d 248, 408 P.2d 906 (1965), we followed *Bish's Sheet Metal Co. v. Luras*, 11 Utah 2d 357, 359 P.2d 21 (1961), and affirmed the action of the district court dismissing appellant's appeal from a city court judgment for failing to pay filing fees in a timely manner. In *Bish's Sheet Metal Co.*, we stated that:

> [I]t is apparent that Rule 73(h), U.R. Civ.P., provides that an appeal must be taken within one month after notice of entry of judgment and the appellant must serve and file a notice of appeal upon the adverse party. It is equally clear by the provisions of Rule 73(1), U.R.Civ.P., that the filing of the notice of appeal *and the payment of the fees* therefore within the time allowed are the only requirements necessary for the court to have jurisdiction.

(Emphasis added.) *Id.*, 408 P.2d at 906–907.

We more recently reviewed this issue in *Prowswood, Inc. v. Mountain Fuel Supply Co.*, Utah, 676 P.2d 952 (1984) (an appeal from the district court to this Court), and concluded that failure to pay the filing fee within the requisite period is a defect of jurisdictional magnitude. We there stated that "[i]t is axiomatic in this jurisdiction that failure to timely perfect an appeal is a jurisdictional failure requiring dismissal of the appeal." *Id.* at 955. *See also Tracy v. University of Utah Hospital*, Utah, 619 P.2d 340 (1980); *Watson v. Anderson*, 29

Utah 2d 36, 504 P.2d 1003 (1973); and *Anderson v. Anderson,* 3 Utah 2d 277, 282 P.2d 845 (1955).[1]

█ It is thus clear that the payment of filing fees and the timely filing of the notice of appeal are mandatory requirements for perfecting an appeal in civil cases. Other jurisdictions have applied this jurisdictional prerequisite to criminal cases with the same result. The Georgia Supreme Court dismissed a criminal appeal because costs required by statute were not paid, and no affidavit to proceed *in forma pauperis* was filed. *Robinson v. State,* Ga., 191 S.E. 113 (1937). Similar results were reached in Missouri, *State v. Lawson,* Mo., 560 S.W.2d 324 (1977); and *State v. Worl,* Mo., 531 S.W.2d 294 (1975); in Oklahoma, *Waggoner v. State,* 13 Okl.Cr. 715, 167 P. 237 (1917); and *Doan v. State,* 12 Okl.Cr. 98, 152 P. 141 (1915); and in Washington, *State v. Ashbaugh,* 90 Wash.2d 432, 583 P.2d 1206 (1978); *State v. Miller,* 67 Wash.2d 59, 406 P.2d 760 (1965) (oral notice insufficient); and *State v. Conners,* 12 Wash.2d 128, 120 P.2d 1002 (1942).

█ Having determined that Johnson's conviction in the justice's court was a final judgment, that filing fees may be imposed in a criminal appeal so long as indigent defendants are afforded an alternative to payment of those fees, and that the payment of fees was a jurisdictional prerequisite to perfecting defendant's appeal, we affirm the dismissal of his appeal.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

---

1. After the dismissal of Johnson's appeal by the court below, the new Rules of Appellate Procedure took effect on January 1, 1985. Under Rule 3, the timely payment of fees on an appeal from the district court to this Court is no longer jurisdictional. However, Rule 73(h), Utah R.Civ.P., which governs the instant case, was left in full force and effect.