In the Matter of the ESTATE OF Jerome B. PEPPER, Deceased.

Frances T. MORGAN and Phillip C. Pepper, Appellants,

v.

ZIONS FIRST NATIONAL BANK, N.A., as former personal representative of the Jerome B. Pepper Estate; Zions First National Bank, N.A., as current trustee of the Jerome B. Pepper Intervivos Trust, Respondent.

No. 18777.

Supreme Court of Utah.

Aug. 16, 1985.

Irving H. Biele, Roy G. Haslem, Edward S. Sweeney, Salt Lake City, for appellants.

J. Thomas Green, H. Russell Hettinger, Charles M. Bennett, Salt Lake City, for respondent.

HOWE, Justice.

Appellants petitioned the probate division of the district court pursuant to Rule 60(b), Utah R.Civ.P., to set aside its prior order approving the final accounting, settlement, and distribution made in the Jerome B. Pepper Estate. The court dismissed the petition on respondent's motion. This appeal ensued.

Respondent, Zions First National Bank, N.A., was appointed personal representative of the Jerome B. Pepper Estate in early 1976, shortly after Pepper's death. Zions was then also serving as trustee of the Jerome B. Pepper Intervivos Trust. In the probate proceedings, the court granted Zions permission to continue operation of Pepper's various businesses. On September 23, 1981, Zions filed a 233-page petition with the court containing a first and final accounting and prayed for settlement and distribution of the estate. On September 25, 1981, the clerk of the court mailed notices of the hearing on the petition to Pepper's widow and children, all of whom lived out of state. The notice indicated that the hearing would be on October 7, 1981, and that the petition could be reviewed upon request. Neither appellants (two of Pepper's children) nor Mrs. Pepper appeared at the hearing, and on October 8, 1981, the court approved the final accounting and ordered distribution as petitioned by Zions.

In June 1982, appellants filed their petition to set aside the October 8 order, pursuant to Rule 60(b), Utah R.Civ.P. The court dismissed their petition. Zions defends the dismissal on the ground that the Utah Uniform Probate Code, U.C.A., 1953, §§ 75-1-101 to -8-101, precluded the application of Rule 60(b) to set aside the court's order. Specifically, Zions relies upon section 75-3-1001, which provides for an order approving the final accounting of the personal representative, directing distribution of the estate, and discharging the personal representative "from further claim or demand of any interested person." Appellants, on the other hand, rely upon section 75-1-304 as authorization to bring their Rule 60(b) motion. That section provides:

Unless specifically provided to the contrary in this code or unless inconsistent with its provisions, the rules of civil procedure, including the rules concerning vacation of orders and appellate review, govern formal proceedings under this code.

The parties cite no cases, and we are unable to find any cases determining whether the formal estate closing proceedings of the Uniform Probate Code section 3-1001 (U.C.A., 1953, § 75-3-1001) preclude the use of a Rule 60(b) motion to set aside an order closing the estate. Zions' claim is grounded upon the Editorial Board's comment to the Uniform Probate Code section 3-1005 (U.C.A., 1953, § 75-3-1005) that closing an estate by formal proceedings pursuant to section 75-3-1001 affords greater protection to a personal representative than an informal closing pursuant to section 75-3-1003. Generally speaking, if a personal representative closes an estate informally pursuant to section 75-3-1003, he is protected by section 75-3-1005 from all claims not brought within six months after the filing of the closing statement, except for claims of "fraud, misrep-

resentation, or inadequate disclosure related to the settlement of the decedent's estate." However, a formal closing pursuant to section 75–3–1001 "[discharges] a personal representative from further claim or demand of any interested person."

■ Although section 75–3–1001 discharges a personal representative from further claim or demand after a final closing order has been entered, no reason has been suggested and none appears why such an order should be treated any differently than any other final order or judgment of the court which is always subject to a timely Rule 60(b) attack. Clearly, the Code does not specifically preclude vacation of final closing orders pursuant to Rule 60(b), and, in fact, section 75–1–304 by its very wording seems to authorize it, viz., "the rules concerning vacation of orders ... govern formal proceedings under this code." Thus, we hold that motions under Rule 60(b) are not precluded by section 75–3–1001, and appellants were not precluded from bringing a motion pursuant to Rule 60(b) to set aside the October 8, 1981, order.

■ Zions contends that if Rule 60(b) may be employed in this instance, all of appellants' grounds for relief from the order fall within the first four subsections of the rule and that any motion brought thereunder should have been filed "not more than three months after the judgment, order, or proceeding was entered or taken." Appellants filed their petition nearly nine months after the October 1981 order. They cite *Ney v. Harrison*, 5 Utah 2d 217, 299 P.2d 1114 (1956), as authority for a party to rely on subsection (7) to set aside a judgment even if the party's reason for relief could fall as well within one of the first four subsections and their shorter time limit. Whatever ambiguity may have been created by that case has been clarified by our later case law. If a party's grounds are properly encompassed within those four subsections, he cannot avoid the three-month limitation by employing the "catch-all" subsection (7). *Larsen v. Collina*, Utah, 684 P.2d 52 (1984); *Russell v. Mar-*

*tell*, Utah, 681 P.2d 1193 (1984). However, appellants also assert that their petition is grounded on lack of due process encompassed within subsection (7), which provides that an order may be set aside for "any other reason justifying relief from the operation of the judgment" and which requires only that the "motion be made within a reasonable time." A review of appellants' petition reveals that, although it avers many facts that might otherwise be grounds for relief under the first four subsections of Rule 60(b), their prayer for relief is limited to a request for relief based on the due process ground of defective notice because they had only ten days to respond from out of state and because their mother was incompetent at the time of the notice and hearing. Accordingly, we address the lack of due process ground raised under subsection (7). *See Bish's Sheet Metal v. Luras*, 11 Utah 2d 357, 359 P.2d 21 (1961).

Appellants assert that because the notice was mailed to them, out of state, they did not have an adequate opportunity to read the 233-page petition and prepare for the hearing held twelve days after the mailing. They argue that this denial of their due process rights necessitates that the order be set aside. Since both appellants received actual notice through the mails, we do not need to address the issue of whether notice to out-of-state residents by use of the regular mails is adequate notice in a situation involving a small number of beneficiaries of a relatively large private trust and estate. (*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), centered on whether notice by mail to a large number of out-of-state beneficiaries of a mutual trust adequately protected those who by happenstance did not receive the mailed notice, which is not the case here.) We do, however, need to determine whether the notice afforded appellants an opportunity to review the accounting and raise any objections thereto.

■ Counsel for appellants admitted at oral argument that appellant Phillip C. Pep-

per had obtained a copy of the petition, including the first and final accounting, and had taken it to his legal counsel in Salt Lake City prior to the October 7, 1981, hearing. Appellants did not need to digest the entire 233-page document prior to the hearing to enable them to object. Pages one and two are a summary of the accounting in the form recommended by the probate division. The amount of the assets on hand for distribution is unambiguously written on the "bottom line" of the summary. This fact alone, in light of appellants' allegations of Zions' earlier representations regarding the value of the estate, should have sufficiently alerted them that something might be awry and caused them to appear at the hearing. If appellants did not agree with the amount shown on the summary, they had more than ample time to appear at the hearing and lodge an objection or ask for a continuance to study the document. Continuances of this type are given as a matter of course by the court in probate proceedings. Additionally, appellants had three months in which they could have moved for relief under Rule 60(b)(1) to (4). We acknowledge that the granting of a continuance is discretionary with the trial court and that "[t]he right of a citizen to due process of law must rest upon a basis more substantial than favor or discretion." *Roller v. Holly*, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520 (1900). In *Roller*, the United States Supreme Court set aside an 1891 default judgment on due process grounds, holding that five days' notice to Roller, a Virginia resident, to appear in a Texas court was insufficient to allow Roller to travel to Texas, hire an attorney, and prepare his case. However, in these days of efficient rapid transportation and relatively inexpensive telecommunications, we are less willing to allow distance alone to weigh heavily on our review of the adequacy of the notice. Here, Phillip C. Pepper had discussed Zions' petition with legal counsel in Salt Lake City prior to the hearing, but neither he nor his counsel appeared at the hearing to register any objection. Under these facts, appellants were not denied due process of law. Fur-

ther, almost nine months expired before appellants raised their claim of lack of due process. Because Rule 60(b)(7) requires such a claim to be made within a "reasonable time," the trial court did not abuse its discretion in refusing to set aside the October 8, 1981, order.

Appellants also assert that notice to their mother, Fannie N. Pepper, was inadequate because she was legally incompetent, and Zions was aware of that. Although Phillip C. Pepper was appointed conservator for his mother by an Arizona court, he made no motion to join his mother in the petition. Nor is she a party to this appeal. Hence, we do not consider whether her due process rights were violated.

We hold that the court did not err in denying appellants' petition and in granting Zions' motion to dismiss. Affirmed. Costs to respondent.

HALL, C.J., STEWART and DURHAM, JJ., and DEAN E. CONDER, District Judge, concur.

ZIMMERMAN, J., does not participate herein; CONDER, District Judge, sat.