Stephen E. HAUSKNECT, Petitioner,

v.

The INDUSTRIAL COMMISSION and Kennecott Corporation, Respondents.

No. 930768–CA.

Court of Appeals of Utah.

Sept. 21, 1994.

Erik Strindberg and Martha S. Stonebrook, Salt Lake City, for petitioner.

Barbara K. Polich, James M. Elegante, and Alan K. Flake, Salt Lake City, for respondent Kennecott Corp.

Thomas C. Sturdy and Sharon J. Eblen, Salt Lake City, for respondent Industrial Com'n.

Before BENCH, DAVIS and ORME, JJ.

## OPINION

DAVIS, Judge:

■ Stephen E. Hausknect petitions for relief from a final order of the Industrial Commission (Commission) dismissing his claim of age discrimination against Kennecott Corporation (Kennecott). Petitioner did not timely pay the required fees in connection with his petition for review; therefore, we dismiss for lack of jurisdiction.

■ The relevant procedural facts are as follows. On November 4, 1993, the Commission issued a final order denying Hausknect an evidentiary hearing with respect to his claim of age discrimination. Pursuant to Rule 14(a) of the Utah Rules of Appellate Procedure, Hausknect had until December 6, 1993, to file a petition for review of the Commission's decision with the Utah Court of Appeals and pay the required fee. On December 6, 1993, Hausknect "lodged" an "Appellant's Brief" with this court.[1] On December 8, 1993, Hausknect became aware that he had not filed a "Petition for Review" nor paid the $80 filing fee. Hausknect paid the filing fee on December 9, 1993, and filed a motion to change the name "Appellant's Brief" to "Petition for Review." The motion was granted by this court. Kennecott later requested that this court "reissue its order noting the actual filing date of December 9, 1993, so that the record remains correct." That motion was denied.

On January 14, 1994, this court sent notice to the parties that the case was being considered for summary disposition on the ground that the filing fee was not paid within thirty days after the date of the written decision to be reviewed. The parties were directed to file memoranda stating the arguments for and against summary disposition. We subsequently deferred the issues raised for plenary presentation and consideration of the case.

Kennecott contends that this court does not have jurisdiction to hear the petition due to Hausknect's failure to make timely payment of the filing fees. Therefore, Kennecott argues, Hausknect's petition must be dismissed.[2] "Whether by our own discovery or by motion of a party, dismissal for lack of jurisdiction will be considered at any stage of the proceedings when it appears that jurisdiction is, in fact, lacking." *Silva v. Department of Employment Sec.*, 786 P.2d 246, 247 (Utah App.1990); *see also Prowswood, Inc. v. Mountain Fuel Supply Co.*, 676 P.2d 952, 955 (Utah 1984) ("It is axiomatic in this jurisdiction that failure to timely perfect an appeal is a jurisdictional failure requiring dismissal of the appeal.").

Rule 14(b) of the Utah Rules of Appellate Procedure provides:

> At the time of filing any petition for review, the party obtaining the review *shall* pay to the clerk of the appellate court such filing fees as are established by law, and also the fee for docketing the appeal. The clerk *shall not* accept a petition for review unless the filing and docketing fees are paid.

*Id.* (emphasis added.) Hausknect argues that this court should rule that the Rule 14(b) filing fee requirement is not jurisdictional because the comparable provision in Utah Rule of Appellate Procedure 3(f)—governing the filing of fees in an appeal from an order of a district, juvenile, or circuit court—is not jurisdictional. *See State v. Johnson,*

---

1. "Lodging" of briefs is not provided for by the Rules of Appellate Procedure. By tradition, however, we permitted the practice. Previously, a party could "lodge" a brief by submitting it in incomplete form. After the party completed the brief, it would be formally filed, and the date of filing would be the date the brief was lodged. The "lodging" of briefs is no longer permitted in this court.

2. We do not reach the other issues Kennecott raises in light of our determination that we lack jurisdiction to consider the petition.

700 P.2d 1125, 1129 n. 1 (Utah 1985) (noting that under Rule 3(a), timely payment of fees on appeal is no longer jurisdictional). However, there are significant differences between the wording of the two rules. In addition to the comparable provisions of both rules, Rule 3(a) states that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal." Utah R.App.P. 3(a). Therefore, by its terms, Rule 3 provides that the failure to timely pay filing fees is not jurisdictional, "but is ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal or other sanctions short of dismissal." Id.[3]

■ The filing fee requirements in Rule 14 are mandatory, and a prerequisite to acceptance of a petition for review by the clerk of the appellate court. Language limiting the jurisdictional effect of failure to·comply is notably absent from Rule 14, and we decline to read it into the rule. For these reasons, we conclude that failure to pay the filing fee for review of an agency matter is jurisdictional. Pursuant to Rule 14(b), Hausknect was required to pay an $80 filing fee by December 6, 1993. The filing fee was not paid until December 9, 1993. As a result, the petition for review was not properly filed with this court and we dismiss the petition for lack of jurisdiction. See Johnson v. Buehler, 767 S.W.2d 351, 351 (Mo.App.1989) (citing State v. Hanson, 563 S.W.2d 538, 539 (Mo.App.1978) (construing rule analogous to rule in case at bar and holding that payment of fees was jurisdictional)).[4]

BENCH and ORME, JJ., concur.

On May 21, 1985, the Utah Supreme Court decided State v. Johnson, 700 P.2d 1125 (Utah 1985), applying Rule 73 of the Utah Rules of Civil Procedure after the effective date of Rule 3 of the Utah Rules of Appellate Procedure. In footnote 1, the court interpreted Rule 3 of the Utah Rules of Appellate Procedure as follows: "Under Rule 3 the timely payment of fees on an appeal from the district court to this court is no longer jurisdictional." Johnson, 700 P.2d at 1129 n. 1; see also Utah Supreme Court Rule 3(a) advisory committee's note (1989).

---

**3.** In Prowswood Inc. v. Mountain Fuel Supply Co., 676 P.2d 952 (Utah 1984), the Utah Supreme Court interpreted the provisions of Rule 73(a) of the Utah Rules of Civil Procedure, the predecessor of Rule 3(a) of the Utah Rules of Appellate Procedure. At the time of the Prowswood decision, Rule 73(a) provided that

[a] party may appeal from a judgment by filing with the district court a notice of appeal, together with sufficient copies thereof for mailing to the Supreme Court and all other parties to the judgment, and depositing therewith the fee required for docketing the appeal in the Supreme Court.... Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal....

In Prowswood, the Utah Supreme Court determined that failure to pay the "fee required for docketing" was jurisdictional. Prowswood, 676 P.2d at 955.

Rule 73 was deleted with the adoption of the Utah Rules of Appellate Procedure, effective January 1, 1985. The conjunctive language in Rule 73(a) requiring the deposit of the "fee required for docketing" contemporaneously with the filing of a notice of appeal was omitted from Rule 3(a) while the language concerning the validity of the appeal remained.

**4.** Hausknect also urges that we follow the example set by other courts who have declined to rule that the timely payment of the requisite fees is jurisdictional. See Parissi v. Telechron, Inc., 349 U.S. 46, 47, 75 S.Ct. 577, 577, 99 L.Ed. 867 (1955); Finch v. Finch, 468 So.2d 151, 154 (Ala. 1985); Mayers v. Bankers Life Co., 421 So.2d 785, 785 (Fla.Dist.Ct.App.1982); Kalauli v. Lum, 57 Haw. 168, 552 P.2d 355, 357 (1976); Avco Fin. Serv. v. Caldwell, 219 Kan. 59, 547 P.2d 756, 760 (1976); United States Nat'l Bank v. Underwriters at Lloyds, London, 239 Or. 298, 382 P.2d 851, 852 (1963). We do not find these cases persuasive because they interpret rules that are different or apparently different than Rule 14(b).