2004 UT 87

**Clifton W. PANOS, Petitioner,**

v.

**THIRD JUDICIAL DISTRICT COURT OF TOOELE COUNTY and Honorable Randall N. Skanchy, Respondents,**

**and**

**Jennifer Ann Castle, Real Party in Interest and Respondent.**

**No. 20030344.**

Supreme Court of Utah.

Oct. 29, 2004.

Rehearing Denied Dec. 3, 2004.

Clifton W. Panos, pro se.

Brent M. Johnson, Salt Lake, for Third District Court and Judge Skanchy.

Paul H. Matthews, Salt Lake, for Castle.

DURHAM, Chief Justice:

¶ 1 This case is before the court on a petition for extraordinary relief pursuant to rule 65B of the Utah Rules of Civil Procedure and rule 19 of the Utah Rules of Appellate Procedure. At issue is whether the defendant's late payment of a $10 filing fee deprived the district court of jurisdiction to consider her appeal of a small claims court decision. We hold that it did not and affirm the district court's ruling.

## BACKGROUND

¶ 2 This case is the result of a car accident between Clifton W. Panos (Panos), the petitioner here, and Jennifer Ann Castle (Castle) that occurred in Tooele, Utah, on October 16, 2002. Seeking to recover vehicle repair and rental costs, Panos filed a small claims action against Castle in the Tooele Justice Court on December 9, 2002. The justice court initially found in Castle's favor but, following Panos's motion for rehearing, issued a revised order and judgment on February 7, 2003, setting aside its initial ruling and ordering Castle to pay Panos damages in the amount of $2465.43.

¶ 3 Seeking a trial de novo, Castle filed a notice of appeal of the justice court's final decision on February 12, 2003, in district court. She enclosed with this notice a $70 filing fee.

¶ 4 Panos moved to dismiss the appeal, arguing that, under rule 4–803 of the Rules of Judicial Administration, Castle should have paid a fee of $80 rather than $70 and that her failure to do so deprived the district court of jurisdiction over her appeal. He pointed out that rule 4–803, as it existed in 2003, required a party appealing from a small claims judgment to pay two separate fees: (1) a filing fee of $70 for a trial de novo of a small claims decision, as indicated in Utah Code section 78–7–35; and (2) an additional $10 fee to the justice court for filing a notice of appeal, as indicated in Utah Code section 78–6–14.

¶ 5 On February 26, 2003, Castle submitted a letter to the justice court, acknowledging her previous failure to submit the required $10 fee and enclosing the fee at that time. On March 17, 2003, district court Judge Randall Skanchy denied Panos's motion to dismiss Castle's appeal.

¶ 6 The trial de novo was scheduled for April 8, 2003. On April 7, Panos filed a petition for extraordinary relief with this court, naming the district court and Judge Skanchy as respondents and requesting that this court prohibit the district court from proceeding with the trial de novo. In the petition, Panos argued that Castle's late payment of the $10 fee to the justice court deprived the district court of jurisdiction over her appeal. The new trial took place as scheduled on April 8. Judge Skanchy dismissed Panos's damages claim against Castle, finding Panos had failed to meet his burden of proof.

¶ 7 We denied Panos's original petition for extraordinary relief on June 16, 2003. However, on August 29, 2003, we granted Panos's petition for rehearing and ordered the par-

ties to address the following issues in their briefs:

1. Whether the real party in interest, Jennifer Ann Castle, failed to timely pay the filing fees referenced by Utah Code of Judicial Administration Rule 4–803, and if so, whether that failure deprived the district court of jurisdiction to entertain her appeal de novo of the small claims judgment.

2. Whether the district court had equitable discretion to disregard the requirements of rule 4–803. If so, what is the legal authority supporting such equitable discretion.

3. Whether, notwithstanding the requirements of section 78-6-10(2), which bars further appeal [of a small claims judgment beyond the district court's trial de novo] "unless the court rules on the constitutionality of a statute or ordinance," an extraordinary writ may nonetheless provide a further avenue of relief. If so, whether, and what, limits should be placed on the scope of that relief. If not, should this court reconsider or modify its holding in *Kawamoto v. Fratto*, 994 P.2d 187 (Utah 2000), which permitted such relief.

We now address each of these issues in turn.

## ANALYSIS

### I. THE DISTRICT COURT'S JURISDICTION OVER CASTLE'S APPEAL

¶ 8 It is undisputed that Castle was required to pay a $10 fee, pursuant to Utah Code section 78-6-14, at the time she filed her notice of appeal of the small claims judgment. Utah Code Ann. § 78–6–14(4) (2002). It is further undisputed that Castle did not pay this fee until February 26, 2003, fourteen days after filing the notice of appeal. It is thus clear, and Castle does not argue otherwise, that Castle failed to timely pay the $10 fee. We therefore turn to address whether this failure deprived the district court of jurisdiction to consider Castle's appeal. Resolution of this issue rests on the construction of court rules, a matter of law that we review de novo. *Dipoma v. McPhie*, 2001 UT 61, ¶ 8, 29 P.3d 1225.

¶ 9 In our previous decisions addressing whether payment of filing fees is a jurisdictional requirement, we have carefully examined "the plain language of the applicable rule" in order to determine whether the rule explicitly conditioned jurisdiction on payment of fees. *Id.* at ¶ 11; *see State v. Johnson*, 700 P.2d 1125, 1128 (Utah 1985); *Prowswood, Inc. v. Mountain Fuel Supply Co.*, 676 P.2d 952, 958 (Utah 1984).

¶ 10 In *Dipoma*, we considered rule 3 of the Utah Rules of Civil Procedure, which stated that " '[a] civil action is commenced ... by filing a complaint with the court' " and included cross-references to statutory fee requirements. 2001 UT 61 at ¶ 10, 29 P.3d 1225 (quoting Utah R. Civ. P. 3(a) (amended 2003)). We held that because "any [express] reference to filing fees as a jurisdictional requirement is notably absent" from the plain language of the rule, a trial court's jurisdiction does not depend on payment of such fees. *Id.* at ¶¶ 13, 16.

¶ 11 In contrast, we held in both *Johnson* and *Prowswood* that, under the applicable rules, "failure to pay the filing fee within the requisite period is a defect of jurisdictional magnitude." *Johnson*, 700 P.2d at 1128 (discussing *Prowswood*, 676 P.2d at 955). In *Johnson*, we considered rule 73(h) of the Utah Rules of Civil Procedure, a predecessor to the rule at issue here, which required a district court to dismiss an appeal of a justice court's ruling,

> unless at the time of filing the notice of appeal the party appealing shall deposit into court the fees required by law to be paid in connection therewith, including both the fees for the lower court and for docketing the appeal in the district court.

*Id.* (quoting Utah R. Civ. P. 73(h) (repealed 1990)). We reasoned that this language effectively imposed the timely payment of filing fees as a jurisdictional requirement. *Id.* (citing *Marsh v. Utah Homes, Inc.*, 17 Utah 2d 248, 408 P.2d 906 (1965); *Bish's Sheet Metal Co. v. Luras*, 11 Utah 2d 357, 359 P.2d 21 (1961)).

¶ 12 In *Prowswood*, we construed rule 73(a) of the Utah Rules of Civil Procedure,

which required a party appealing to this court from a district court ruling to

> fil[e] with the district court a notice of appeal ... and [to] deposit[ ] therewith the fee required for docketing the appeal in the Supreme Court.... Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal.

*Prowswood,* 676 P.2d at 954–55 (quoting Utah R. Civ. P. 73(a) (repealed 1985)).[1] We reasoned that the rule's express refusal to condition the appeal's validity on "further" failures indicated that the appeal's validity *was* contingent on both previously stated requirements—filing of the notice of appeal and payment of the docketing fee, both "within the requisite thirty-day period." *Id.* at 955.

¶ 13 Here, as indicated above, Panos argues that the language of rule 4–803 of the Rules of Judicial Administration similarly imposes timely payment of filing fees as a jurisdictional requirement for appeals of small claims actions. Rule 4–803, as it existed in 2003 when Castle filed her notice of appeal, provided in pertinent part:

> At the time of filing the notice of appeal, the appellant must deposit into court issuing the judgment the fees established under Utah Code Ann. Section 21–1–5 and Section 78–6–14. *The payment of the filing fee is necessary for conferring jurisdiction upon the district court.*

---

1. As we noted in *Johnson,* rule 73(a) was replaced by rule 3 of the Utah Rules of Appellate Procedure, under which the timely payment of filing fees for appeals of district court rulings to this court "is no longer jurisdictional." 700 P.2d at 1129 n. 1; *see* Utah R.App. P. 3(a) ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal or other sanctions short of dismissal, as well as the award of attorney fees.").

Utah R. Jud. Admin. 4–803(2)(D) (repealed 2004) (emphasis added). The express language of this rule does appear to make payment of filing fees a jurisdictional requirement. Nevertheless, the effect of the rule in this case is not immediately clear because in 2001, separate Utah Rules of Small Claims Procedure were established. Rule 12 of these new rules then stated:

> To appeal, the appealing party must file a Notice of Appeal (Form K) in the court issuing the judgment and mail a copy to each party. The appropriate fee must accompany the Notice of Appeal.

Utah R. Small Claims P. 12(b) (amended 2004). Thus, the plain language of rule 12 failed to attach jurisdictional significance to either filing the notice of appeal or paying the required filing fees. Nor did rule 12 cross-reference rule 4–803. We therefore must consider the relationship between these two rules during the brief period when they coexisted.[2] In the absence of clarification in the rules themselves, we look to the applicable statutory provisions for guidance.

¶ 14 The Utah Code provisions governing small claims courts direct that "[s]mall claims matters shall be managed in accordance with simplified rules of procedure and evidence promulgated by the Supreme Court." Utah Code Ann. § 78–6–1(7) (2002). In accord with this statutory provision, this court promulgated the Utah Rules of Small Claims Procedure, which "constitute the simplified rules of procedure and evidence in small claims cases required by Utah Code Section 78–6–1," Utah R. Small Claims P. 1(a), and "apply to the initial trial and any appeal under rule 12 of all actions pursued as a small claims action under Utah Code Section 78–6–1 et seq.," *id.* 1(b).[3] The Utah Rules of

---

2. In 2004, rule 4–803 was repealed while, at the same time, rule 12 was amended to incorporate some of the deleted rule 4–803 provisions. The amended rule 12 states that while a district court "may dismiss the appeal" if the appealing party "fails to take any step necessary to prosecute the appeal," presumably including the filing of the notice of appeal and the payment of filing fees, the court is not required to do so. Utah R. Small Claims P. 12(h)(2).

3. The promulgation of these rules was undertaken following our recognition of our obligation under Utah Code section 78–6–1 in *Kawamoto v. Fratto,* 2000 UT 6, ¶ 12 n. 3, 994 P.2d 187.

Judicial Administration, on the other hand, including rule 4–803, are promulgated by the Utah Judicial Council, which does not have authority to make rules governing small claims court procedure, much less to determine the jurisdiction of district courts over small claims appeals.[4] *See* Utah Code Ann. § 78–3–21 (2002). We therefore conclude that rule 12 is the applicable rule in this case and, in accord with our reading of rule 12 above, we hold that Castle's late payment of a $10 fee did not deprive the district court of jurisdiction over her appeal.

## II. THE DISTRICT COURT'S EQUITABLE DISCRETION

¶ 15 Given our ruling on the jurisdictional issue and the inapplicability of rule 4–803, we conclude that the district court did have equitable discretion to disregard the rule insofar as it may have been interpreted to require dismissal of Castle's appeal. Of course, even under our ruling that rule 4–803 is inapplicable, there is no question that Castle was indeed required to pay the $10 fee. *See* Utah Code Ann. § 78–6–14(4) (2002). Because her failure to pay the fee at the time of filing the notice of appeal was not of jurisdictional magnitude, however, the district court had discretion to proceed with the trial de novo rather than granting Panos's motion to dismiss. As we stated in *Dipoma*, even where fee requirements are not jurisdictional, appealing parties are required to pay filing fees "within a reasonable time," 2001 UT 61 at ¶ 19, 29 P.3d 1225, which in many cases will be limited to the time of filing the notice of appeal. Under the circumstances here, the district court did not abuse its discretion in declining to dismiss Castle's appeal.

## III. RECONSIDERATION OF *KAWAMOTO V. FRATTO*

¶ 16 Utah Code section 78–6–10 provides that "[t]he decision of the trial de novo [fol-

lowing a small claims court ruling] may not be appealed unless the [district] court rules on the constitutionality of a statute or ordinance." Utah Code Ann. § 78–6–10(2) (Supp.2004). In *Kawamoto v. Fratto*, 2000 UT 6, ¶ 1 n. 1, 994 P.2d 187, we noted that this provision did not bar a party from seeking extraordinary relief from this court pursuant to rule 65B of the Utah Rules of Civil Procedure even where the constitutionality of a statute or ordinance was not at issue. Although we asked the parties in this case to brief whether we should reconsider our *Kawamoto* footnote, we decline to address the issue here. Not only does our affirmance of the district court's ruling make such a review unnecessary, but neither of the parties contend that section 78–6–10 should bar Panos's rule 65B petition in this case.

## CONCLUSION

¶ 17 For the foregoing reasons, we deny Panos's petition for extraordinary relief, as well as all intervening motions.

¶ 18 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM'S opinion.

---

4. Indeed,
   [t]he purpose of the [Rules] of Judicial Administration is to bring order to the manner in which the courts operate. They are not intended to, nor do they, create or modify substantive rights of litigants, nor do they decrease

the inherent power of the court to control matters pending before it.
*Scott v. Majors*, 980 P.2d 214, 217 (Utah Ct. App.1999); *see Grand County v. Rogers*, 2002 UT 25, ¶ 16, 44 P.3d 734; *Cox v. Krammer*, 2003 UT App 264, ¶ 9 n. 4, 76 P.3d 184.