## JACOBSEN v. JEFFRIES et al.
No. 5666. Decided August 9, 1935. (47 P. [2d] 892.)

*Brockbank & Pope,* of Provo, and *David J. Wilson,* of Ogden, for appellant.

*Geo. W. Worthen,* of Provo, for respondents.

PER CURIAM.

The defendants have filed a motion to dismiss the appeal in the cause above entitled. The motion is based upon failure of plaintiff to file notice of appeal with the district court within six months from the entry of the judgment appealed from. The matter is submitted upon the motion, the certificate of the clerk of the district court of the Fourth judicial district, and certain affidavits. It is not necessary to advert to the affidavits. The certificate of the clerk shows that judgment in favor of the defendants and against the plaintiff was entered on the 20th day of June, 1934. That on the 25th day of June, 1934, plaintiff filed a notice of intention to move for a new trial. That a hearing was had upon the motion for a new trial and on the 6th day of July, 1934, the motion for new trial was denied. That no notice of appeal had been filed with the clerk and no fee paid for filing any notice of appeal, and that no undertaking on appeal had been filed. The clerk's certificate containing substantially the above statements was dated the 10th day of January, 1935, and was filed in this court with a motion to dismiss the appeal on the 11th day of March, 1935.

Two additional certificates of the clerk containing some additional matters that occurred subsequent to the certificate above referred to have been filed. One of the certificates shows that a notice of appeal was filed in the office of the clerk of the district court on the 26th day of January, 1935, and an undertaking on appeal on the 28th day of Janu-

ary, 1935. The third certificate in addition to the above adds the information that the notice of appeal was in the office of the clerk when the newly elected clerk assumed control of the office on the 7th day of January, 1935, and was later filed after the fee had been received, presumably on January 26, 1935, as shown by one of the other certificates.

It is admitted that the notice of appeal was served upon defendants. It is further admitted that the fee was not paid at the time the notice of appeal was left at the clerk's office for filing. Counsel for plaintiff seek relief by alleging that an arrangement was made with the clerk whose term of office expired January 7, 1935, to file the notice of appeal and that the fees would be duly paid. This is a controversial matter. The fact remains the fee was not paid nor the notice filed until January 26, 1935, as established by the clerk's certificate which reveals the state of the record, and no error is alleged or attempted to be corrected if thought to exist. R. S. Utah 1933, 28-2-1, relating to fees to be collected by county officers, provides:

"For services performed in their respective offices, the officers named in this chapter shall collect in advance for the use and benefit of the county the fees hereinafter enumerated, and such other fees as may be provided by law."

It is further provided the clerk shall collect $3.50 for filing notice and undertaking on appeal to the Supreme Court. Such fee pays also for all the clerk's services on the appeal including indexing.

Leaving a paper with a filing officer, a fee for the filing of which is by the statute required to be paid in advance, is not a filing. It is the duty of the officer to collect and pay into the proper treasury the fee provided by law before the paper is filed. Should such officer inadvertently or otherwise file a paper for which a fee is required to be paid, he is forthwith bound to account for such fee whether or not he collected the fee at the time the paper was left for filing.

"Under our law the filing of the record consists of two acts, one of which is payment of the fee, and the other of which is delivering the record to the clerk. Neither act standing alone is a filing, or a half filing, or of any avail as a filing." *Gee* v. *Smith,* 52 Utah 602, 176 P. 620, 621.

The motion for a new trial was denied on July 6, 1934, and at that time the judgment became final. The notice of appeal was not filed until January 26, 1935. More than six months having elapsed "from the entry of the judgment or order appealed from" (R. S. Utah 1933, 104-41-2), this court has not become vested of jurisdiction and nothing remains but to order dismissal of the appeal; and it is so ordered.