Barbara Lynn BUNCH, Plaintiff, Appellant, and Cross–Appellee,

v.

Brian Lynn ENGLEHORN, Defendant, Appellee, and Cross–Appellant.

No. 930707–CA.

Court of Appeals of Utah.

Nov. 22, 1995.

Gary Bell, Salt Lake City, and Stephen W. Julien, Cedar City, for Appellant.

Willard R. Bishop, Cedar City, for Appellee.

Before Judges ORME, BENCH and JACKSON.

## OPINION

BENCH, Judge:

Bunch appeals the trial court's dismissal of her divorce complaint, claiming that the trial court erred when it ruled that she had not met the statutory criteria for establishing a marriage. *See* Utah Code Ann. § 30–1–4.5 (1995). We affirm.

## FACTS

Bunch and Englehorn lived together for several years, without ever solemnizing a marriage. In August 1990, they separated. In May 1991, Bunch filed a divorce complaint against Englehorn.

In June 1993, a trial was held. After opening statements, Englehorn orally moved the trial court to dismiss Bunch's complaint. The trial court granted Englehorn's motion, determining "that no court or administrative order was ever obtained establishing the parties' relationship as a marriage within the required time limits" of section 30–1–4.5 of the Utah Code. The trial court concluded that it did not have subject matter jurisdiction, and therefore dismissed the case with prejudice.

## ANALYSIS

Bunch appealed from the trial court's order of dismissal and Englehorn counter-appealed claiming that this court does not have jurisdiction over the appeal. We first address Englehorn's jurisdictional issues. We note that it is unnecessary to file a separate notice of appeal as a prerequisite to challenge the jurisdiction of appellate courts. *See* Utah R.App.P. 10(a)(1).

■ Englehorn contends that this court does not have jurisdiction because Bunch did not timely pay her filing fees. However, the Utah Supreme Court has declared that "the timely payment of [filing] fees on an appeal from the district court to this [c]ourt is no longer jurisdictional." *State v. Johnson,* 700 P.2d 1125, 1129 n. 1 (Utah 1985); *see also* Utah R.App.P. 3(a), (f).

■ Englehorn also contends that the trial court did not issue a final judgment or order because a question involving attorney fees is still pending. The trial court dismissed Bunch's complaint "with prejudice and upon the merits." In response to Englehorn's oral request for attorney fees, the trial court declared in its Judgment of Dismissal with Prejudice, "[t]hat should Defendant desire to claim attorney fees pursuant to UCA 78–27–56 (1953, as amended), he may do so through the filing of an appropriate motion, with appropriate supporting affidavit and memorandum, in order to give Plaintiff ample opportunity to respond." No motion was ever filed with the trial court. Thus, the trial court's order to dismiss conclusively disposed of all

claims pending before the trial court.[1] This court, therefore, has jurisdiction over the appeal.

■ Bunch contends that the trial court incorrectly determined that she had not met the requirements of section 30–1–4.5 to establish a marriage by merely filing her complaint for divorce. We disagree.

Until passage of section 30–1–4.5, Utah did not recognize unsolemnized relationships as marriages. *Walters v. Walters*, 812 P.2d 64, 67–68 (Utah App.1991), *cert. denied* 836 P.2d 1383 (Utah 1992). In 1987, the legislature enacted section 30–1–4.5 of the Utah Code.[2] In section 30–1–4.5, the legislature established the only procedure by which parties can validate an unsolemnized marriage relationship. That section provides as follows:

(1) A marriage which is not solemnized according to this chapter shall be legal and valid *if a court or administrative order establishes* that it arises out of a contract between two consenting parties who:

(a) are capable of giving consent;

(b) are legally capable of entering a solemnized marriage under the provisions of this chapter;

(c) have cohabited;

(d) mutually assume marital rights, duties, and obligations; and

(e) who hold themselves out as and have acquired a uniform and general reputation as husband and wife.

(2) *The determination or establishment of a marriage under this section must occur during the relationship described in Subsection (1), or within one year following the termination of that relationship.* Evidence of a marriage recognizable under this section may be manifested in any form, and may be proved under the same general rules of evidence as facts in other cases.

Utah Code Ann. § 30–1–4.5 (1995) (emphasis added).

■ This court reviews the trial court's interpretation of section 30–1–4.5 (1995) under a correctness standard. *Utah Sign, Inc. v. Utah Dep't of Transp.*, 896 P.2d 632, 633–34 (Utah 1995). "When interpreting statutes, this court is guided by the long-standing rule that a statute should be construed according to its plain language." *Id.* at 633. Thus, when the statutory language is plain and unambiguous, we will not look beyond it to surmise the legislature's intent. *Brinkerhoff v. Forsyth*, 779 P.2d 685, 686 (Utah 1989). Moreover, "[u]nambiguous language in the statute may not be interpreted to contradict its plain meaning." *Bonham v. Morgan*, 788 P.2d 497, 500 (Utah 1989) (per curiam).

Section 30–1–4.5 requires that those who wish to establish their relationship as a marriage recognized by the state must obtain "a court or administrative order establish[ing]" their relationship. Utah Code Ann. § 30–1–4.5(1) (1995). Moreover, the statute requires that any such order be obtained within one year of the termination of the relationship. *Id.* § 30–1–4.5(2). Subsection (2) specifically provides that "determination or establishment of a marriage ... must occur during the relationship ... or within one year following the termination of that relationship."

Bunch admittedly did not obtain a determination during her relationship with Englehorn or within one year after the termination of their relationship. The parties separated in August 1990 and the trial court dismissed the case in June 1993, nearly three years after the parties separated. Bunch proposes that she complied with the statute by filing her complaint in May 1991, within one year

---

1. During oral argument before this court, counsel for Englehorn conceded that the trial court's order was a final judgment if Englehorn chose never to file for attorney fees.

2. Englehorn cites *Whyte v. Blair*, 885 P.2d 791, 793 n. 2 (Utah 1994) for the proposition that the parties' relationship could not be established pursuant to section 30–1–4.5 because Englehorn and Bunch began their relationship before 1987.

Englehorn misreads the supreme court's language in footnote 2 of *Whyte*. The supreme court merely stated that relationships that began and ended prior to 1987 were not valid, since common-law marriages were not recognized in Utah prior to the enactment of section 30–1–4.5. Because the parties' relationship indisputably lasted beyond 1987, the statute could apply in the present case. *Id.*

of the parties' separation. That interpretation of the statute, however, is contrary to its plain meaning. Under the plain meaning of the statute, Bunch did not obtain a timely determination of her relationship with Englehorn.

Bunch suggests that this interpretation of the statute renders it unconstitutional under Article I, Sections 7 and 11 of the Constitution of Utah. Bunch never presented these arguments to the trial court, but raises them for the first time on appeal.

■ To assert constitutional claims on appeal, parties must generally assert them first in the trial court. In *State v. Bobo*, 803 P.2d 1268 (Utah App.1990), this court declared that "the proper forum in which to commence thoughtful and probing analysis of state constitutional interpretation is before the trial court, not, as typically happens ... for the first time on appeal." *Id.* at 1273. The closest Bunch came to making a constitutional argument to the trial court occurred when the trial court asked counsel whether the facts of the case reflected any order that had timely established a marital relationship. Counsel responded that there was no order, but "I guess I would have some concerns about the constitutionality of such a statute when it would make it—when a person files a Complaint to have that determination made, and simply because of the delays and court time and that sort of thing, it can't get it to court." There is no thoughtful or probing analysis of a state constitutional question in Bunch's statement. Bunch merely alludes to the fact that there may possibly be a constitutional question. "Nominally alluding" to constitutional questions "without any analysis before the trial court does not sufficiently raise the issue to permit consideration by this court on appeal." *State v. Johnson,* 771 P.2d 326, 328 (Utah App.1989), *rev'd on other grounds,* 805 P.2d 761 (Utah 1991).

Bunch also claims that she was surprised by Englehorn's oral motion to dismiss, despite the fact that Englehorn had asserted this position as an affirmative defense in his verified answer. Assuming, arguendo, that Bunch was surprised by the motion, she could have asked the trial court for a continuance and/or made a post-judgment motion to present her issues to the trial court. She did nothing to preserve the issues in the trial court. Having failed to argue her constitutional issues to the trial court, we refuse to consider them. *See id.; accord Bobo,* 803 P.2d at 1273.[3]

### CONCLUSION

This court has jurisdiction over this appeal. Bunch did not meet the requirements of section 30–1–4.5 to establish a marriage with Englehorn and her constitutional challenge was improperly raised for the first time on appeal. Therefore, the trial court did not err in dismissing the case.

Affirmed.

ORME, P.J., and JACKSON, J., concur.

---

3. For the reasons stated, we do not review the constitutionality of section 30–1–4.5. We do note, however, that the statute might present a constitutional question in a different context. If a trial court were to enter a judgment denying a common-law marriage within one year of separation, and that judgment were reversed on appeal and the matter remanded, the parties might be denied a reasonable opportunity to comply with the plain meaning of the statute.