**CERTIFIED SURETY GROUP, LTD.,**
**Plaintiff and Appellant,**

v.

**UT INC., U.T.I., Inc., and Ben Masters,**
**Defendants and Appellees.**

**No. 960489.**

Supreme Court of Utah.

July 7, 1998.

Andrew M. Morse, Richard A. Van Wagoner, Salt Lake City, for plaintiff.

Michael L. Labertew, Salt Lake City, for defendants.

RUSSON, Justice:

Certified Surety Group, Ltd., appeals the trial court's dismissal of its complaint. The trial court ruled that the indemnity agreement at issue was unenforceable because it was entered into in violation of the Utah Insurance Code. We reverse and remand.

### FACTS

On March 2, 1994, U.T.I., Inc., a North Carolina corporation, and its president, Ben Masters, a North Carolina resident (collectively, "UTI"), entered into a loan agreement with John H. Rebold, a Texas resident. Under the agreement, UTI borrowed $500,000 from Rebold for the purpose of financing a method and device for controlling emissions. In accordance with the terms of the agreement, UTI signed a promissory note, payment of which was due on or about March 1, 1995. The promissory note was amended by an addendum requiring UTI to secure payment of the loan through Certified Surety Group, Ltd. ("Surety"), a Delaware corporation. Pursuant thereto, UTI entered into an indemnity agreement with Surety that was negotiated by Surety's agent, Pete Buffo, and was signed in North Carolina on or about April 12, 1994. The indemnity agreement provided that for $60,000, Surety would guarantee UTI's repayment of the loan to Rebold. The agreement required UTI to indemnify Surety against any liability or loss arising in connection with its guarantee. The indemnity agreement also provided that it would be "construed under the laws of the State of Utah" and that the courts of Utah would have jurisdiction over the parties.

When payment on the loan became due, Rebold demanded payment from UTI, but UTI failed to pay. Thereafter, Rebold demanded payment from Surety as guarantor of the note. He sent both a notice of default on March 3, 1995, and a demand for payment on May 25, 1995, to Buffo and Surety at a Salt Lake City address.

Surety commenced this action against UTI in Third District Court, Salt Lake City,

Utah. The complaint sought judgment against UTI under certain provisions of the indemnity agreement. UTI answered Surety's complaint, denying all charging allegations and alleging various affirmative defenses. UTI then moved to dismiss the complaint, arguing, inter alia, that under Utah Rule of Civil Procedure 12(b)(6), Surety had failed to state a claim upon which relief could be granted. UTI argued that there was no valid claim because the indemnity agreement was illegal and unenforceable inasmuch as it was entered into in violation of the Utah Insurance Code. UTI claimed that the violation occurred when Surety entered into the indemnity agreement without possessing a certificate of authority to conduct insurance business in Utah or, alternatively, arranging the transaction through a surplus lines broker in Utah. UTI also claimed that the Code was violated because Buffo was not a licensed agent in Utah. UTI submitted affidavits from the state indicating that Surety was not licensed to conduct insurance business in Utah, that Surety was not a surplus lines insurer in Utah, and that Buffo was not a licensed agent in Utah.

In response, Surety argued that the contract was made in North Carolina and had no connection with residents of Utah and thus the transaction was not subject to the Utah Insurance Code. Surety then moved for summary judgment, arguing that because the undisputed facts proved that UTI agreed to indemnify Surety and that that obligation was due, the court should enter judgment in Surety's favor. UTI responded, arguing that the indemnity agreement was unenforceable and thus it had no obligation to indemnify Surety.

The trial court agreed with UTI and in granting its motion to dismiss stated the following:

2. The Court specifically finds that the General Indemnity Agreement ("Agreement") between the parties was entered into in violation of the Utah Insurance Code, Section 31A–1 et seq., Utah Code Ann. (1985 and Supp.), and is unenforceable by Plaintiff and void, pursuant to Section 31A–15–105(2), Utah Code Ann., as Plaintiff neither: (a) possessed a Certificate of Authority from the Utah Department of Insurance, nor did it: (b) place its insurance with a surplus lines broker, at least one of which is required by law; nor did Plaintiff's agent possess a license from the Utah Department of Insurance when it entered into the Agreement, in violation of the Utah Insurance Code.

On appeal, Surety argues that the trial court erred in dismissing its complaint since the transaction in question did not occur in Utah but, rather, was a single transaction that occurred in North Carolina and involved no Utah residents and, therefore, the Utah Insurance Code did not apply. It further points out that the Utah Insurance Code specifically recognizes the right of a foreign insurer to collect premiums, adjust losses, and do all other acts reasonably incidental to contracts made outside the state of Utah and that Surety's activity in Utah regarding the indemnity agreement was exactly that.

UTI argues in response that the trial court did not err because Surety and Buffo were operating an insurance business in Utah but neither was authorized by the state to do so and that the indemnification agreement in question, while signed outside of Utah by nonresidents of Utah, was still part of that insurance business.

## STANDARD OF REVIEW

Because the trial court considered affidavits in granting UTI's rule 12(b)(6) motion to dismiss, the motion was essentially "treated as one for summary judgment." Utah R. Civ. P. 12(b).[1] Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Utah R. Civ. P. 56(c). When reviewing a grant of summary judgment, "we do not defer to the trial court's conclusions of law but review it as such.

1. Because UTI's motion to dismiss was treated as a motion for summary judgment, we will refer to

them for correctness." *Taylor v. Ogden Sch. Dist.*, 927 P.2d 159, 162 (Utah 1996).

## ANALYSIS

Pursuant to the Utah Insurance Code, a foreign insurance company that conducts insurance business within Utah must either obtain a certificate of authority from the state of Utah or arrange its business through a surplus lines broker who is licensed in Utah. *See* Utah Code Ann. §§ 31A–14–201 & –202; *id.* §§ 31A–15–102 & –103. However, a foreign insurance company that does not possess a certificate of authority is not precluded from conducting certain activities in Utah. Section 31A–15–106(1) states:

> A foreign insurer that does not have a certificate of authority to do business in this state under Section 31A–14–202 may, in this state, *collect premiums and adjust losses and do all other acts reasonably incidental to contracts made outside this state* without violating this chapter.

(Emphasis added.)

■ In the case before us, the trial court voided the indemnity agreement on the ground that Surety did not possess a certificate of authority or arrange the indemnity agreement through a surplus lines broker.[2] In doing so, the court implicitly held that entering into the indemnity agreement constituted the conducting of insurance business in Utah and that, as a result, Surety was required to possess a certificate of authority or arrange the agreement through a surplus lines broker. However, the facts in the record are insufficient to support such a conclusion. The material facts before the trial court were that (1) the agreement was signed in North Carolina; (2) the agreement did not concern any Utah residents but only North Carolina and Texas residents; (3) the agreement was negotiated by Surety's agent, Buffo; and (4) Rebold sent correspondence regarding the default on the loan to Buffo and Surety in Utah more than ten months after the agreement was entered into. This last fact is the only one having a Utah connection. There is no evidence that Surety had an office in Utah or that Buffo was in Utah when the agreement was negotiated. Without further evidence, it is impossible to conclude that the indemnity agreement was the product of insurance business conducted in Utah and that Surety was thus required to possess a certificate of authority or arrange the agreement through a surplus lines broker.

■ Because the facts are insufficient to conclude, as a matter of law, that Surety was required to either possess a certificate of authority or arrange the agreement with a surplus lines broker, the trial court erred in voiding the agreement for Surety's failure to do so. Accordingly, we reverse the trial court's grant of summary judgment and remand the case for further proceedings.[3]

HOWE, C.J., DURHAM, Associate C.J., and ZIMMERMAN, J., concur in Justice RUSSON'S opinion.

STEWART, Justice, concurs in the result.

---

2. The trial court also voided the indemnity agreement, in part because Surety's agent, Buffo, did not possess a license from the Utah Department of Insurance. However, while Utah Code Ann. § 31A–23–201 requires that an agent be licensed in order to perform insurance agent services in Utah, subsection 31A–23–201(3) clearly states, "No insurance contract is invalid as a result of a violation of this section."

3. We note the indemnity agreement's provision that the agreement would be "construed under the laws of the State of Utah"; however, we do not consider the effect of the provision here. This issue was not reached by the trial court and was raised for the first time on appeal. Issues raised for the first time on appeal will generally not be considered. *See Monson v. Carver*, 928 P.2d 1017, 1022 (Utah 1996).