1999 UT 37

**De Ette GERBICH, Plaintiff and Appellant,**

v.

**NUMED INC., Edward Menkemeller, General Electric Company, John Doe I, John Doe II, and III, Defendants and Appellees.**

No. 970327.

Supreme Court of Utah.

April 16, 1999.

Wesley F. Sine, Salt Lake City, for plaintiff.

Robert R. Wallace, Lisa Watts Baskin, Robert C. Keller, H. James Clegg, Julianne P. Blanch, Salt Lake City, for defendants.

ZIMMERMAN, Justice.

¶ 1 This case involves several claims made by De Ette Gerbich ("Gerbich") against defendants Numed, Inc., and Edward Menkemeller, president of Numed,[1] (collectively "Numed") and General Electric ("G.E."). Gerbich has made several claims against Numed and G.E. arising out of an incident in which she fell from the steps of a trailer containing a CT scanner leased by G.E. to Numed and, in turn, by Numed to Jordan Valley Holy Cross Hospital ("the hospital"). Her claims against G.E. were dismissed with prejudice when G.E. was granted summary judgment. Gerbich's claims against Numed went to a jury which found in Numed's favor.

---

1. Numed, Inc. and Edward Menkemeller have been treated as and acted as one party throughout this litigation and therefore will be referred to collectively as "Numed."

Gerbich raises several issues on appeal. We address the following: (i) whether the trial court erred in granting summary judgment to G.E., and (ii) whether the trial court erred in disallowing her general safety expert to testify. We affirm.

¶2 During October of 1990, the hospital leased a trailer containing a CT scanner from Numed. Numed had rented the scanner and the trailer from G.E. under a "Maxiservice Agreement." MDG Trailer had assembled the trailer for G.E. Gerbich was employed by the hospital as a nuclear technician. In this capacity, Gerbich took CT scans and X-rays of patients in the trailer. She had been in and out of the trailer at least a dozen times during the week prior to her fall. On a rainy day, Gerbich was entering the trailer and lost her grip on the door handle, falling back and injuring her knee and shoulder.

¶3 Gerbich filed her first complaint in March of 1993, naming Numed and its president, Menkemeller, as defendants. The complaint alleged that Numed had manufactured and designed the steps in a defective and dangerous manner. Gerbich amended her complaint in April of 1993, adding G.E. as a defendant and alleging that G.E. negligently designed and manufactured the trailer and steps and then leased the trailer and steps to Numed. The amended complaint alleged that the steps were "of an inherently dangerous design and that the Defendants were negligent in building, manufacturing and designing the entrance to the door in this manner."

¶4 Numed moved to dismiss the amended complaint on the grounds that it sounded in products liability, and Utah's two-year products liability statute of limitations had run before Gerbich filed her initial complaint. The court granted this motion to dismiss without prejudice, finding that the original complaint was filed more than two years after the accident. The court granted Gerbich leave to amend her complaint, suggesting that she "try to state any causes of action in negligence or recklessness."

¶5 Gerbich filed a second amended complaint in October of 1993. G.E. moved to dismiss this complaint because it too sounded in products liability and the original complaint was filed after Utah's two-year products liability statute of limitations had run. The court granted this second motion to dismiss without prejudice finding that Gerbich's "Second Amended Complaint still sounds in product liability."

¶6 Gerbich filed a third amended complaint in March of 1994 alleging negligence, and for the first time, breach of warranty. Discovery had been ongoing throughout this process. After discovery was concluded, G.E. moved for summary judgment, asserting that G.E. did not owe Gerbich a duty of care. Gerbich admitted to not having any admissible evidence proving that G.E. had constructed the trailer or attached the stairs to the trailer. The trial court granted G.E.'s motion for summary judgment.

¶7 Gerbich's claims against Numed proceeded to trial in May of 1997. Before trial, many interrogatories were exchanged. In June of 1994, Numed sent its first set of interrogatories to Gerbich requesting the names of all experts and a summary of their opinions. In response, Gerbich stated that the list had yet to be determined but that it "will be furnished when it is available."

¶8 In August of 1996, the trial court ordered that exhibit and witness lists be exchanged by December 10, 1996. A month after that cut-off date, Gerbich filed a witness list with the court which included "[a]n inspector from the city of South Jordan, Utah unnamed at this time." Gerbich never furnished an expert witness list.

¶9 At the beginning of the second day of trial, Gerbich called the inspector whom she had listed on her witness list. She attempted to call him as a general safety expert, rather than as a fact witness. Gerbich's attorney admitted that the inspector had not been designated as an expert and that he had not complied with the requirements for the witness to testify as an expert. Nevertheless, he asked the court to permit the witness to be qualified as an expert at that time. Numed's counsel was prepared to cross-examine the inspector regarding the city's permitting process, because he had been designated as an investigator and Gerbich's complaint alleged that the trailer did not meet the city's codes. However, Numed was not prepared to cross-examine the wit-

ness regarding his qualifications as an expert or on the industry's safety standards. Numed objected to the use of the inspector as an expert, and on the second day of trial, the court excluded the witness "due to the lateness of the designation of the witness, the lack of identification and the lack of compliance with the statute, the inopportunity of Mr. Wallace to have any rebuttal evidence." The jury found for Numed and Gerbich brought this appeal.

¶ 10   Gerbich asserts the trial court erred in: (i) granting G.E. summary judgment; and (ii) excluding her general safety expert. We first consider the summary judgment. Summary judgment is appropriate only where there are no disputed material facts and the moving party is entitled to judgment as a matter of law. Utah R. Civ. P. 56(c). A grant of summary judgment is reviewed for correctness. *Oxendine v. Overturf,* 973 P.2d 417 (Utah 1999).

█  ¶ 11   The trial court granted summary judgment to G.E. after finding that there were no disputed material facts and that, on the facts, G.E. did not owe a duty to Gerbich.   Gerbich first asserts that there were disputed factual issues as to G.E.'s responsibility for and knowledge of the defective steps.   She argues that the trial court had to take as true all allegations in the third amended complaint because G.E. responded to it not by submitting an answer, but by filing a motion for summary judgment which was not supported by affidavits.   It is true that G.E. did not file an answer or submit affidavits in support of its motion for summary judgment.   However, G.E.'s motion was made after the close of discovery and incorporated many of the discovery materials, including answers to interrogatories, admissions, the plaintiff's second complaint, the contract between G.E. and Numed, and the Maxiservice Agreement.   The rules of civil procedure do not require an answer or affidavits before the allegations of the complaint are deemed controverted.   Rather, rule 56(c) clearly states "[t]he judgment sought shall be rendered if the *pleadings,* depositions, *answers to interrogatories, and admissions on file,* together with affidavits, *if any,* show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Utah R. Civ.

P. 56(c) (emphasis added).   The rule further states that where a motion for summary judgment "is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response … must set forth specific facts showing that there is a genuine issue for trial."   Utah R. Civ. P. 56(e).

¶ 12   While the moving party bears the burden of proof on its summary judgment motion, viz. that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law, *see Jensen v. IHC Hospitals, Inc.,* 944 P.2d 327, 339 (Utah 1997), "in opposing a motion for summary judgment, the plaintiff still has the ultimate burden of proving all the elements of his or her cause of action." *Id.* (citations omitted). Once the allegations in the complaint are challenged, as they were here by G.E., Gerbich had the obligation to come forward with sufficient proof to show that she was entitled to proceed to trial.   She cannot rest on her allegations alone, particularly when the parties had an opportunity to conduct discovery. *See id.*

¶ 13   Once we move beyond the allegations of Gerbich's complaint, we conclude that she has not proven that there are any material facts in dispute.   Her supplemental answers to G.E.'s request for admissions state that she did not know who constructed or installed the steps on the trailer.   Additionally, when the motion was argued before the trial judge, Gerbich's counsel admitted that he had no admissible evidence showing that G.E. had notice of the defective condition.   Because Gerbich has no evidence to support her claim of G.E.'s responsibility, we conclude that there is no genuine issue of material fact.

█  ¶ 14   We next address the correctness of the trial court's ruling that the elements of negligence were not proven by Gerbich.   To prove negligence, a plaintiff must show four things: duty, breach of duty, causation, and damages. *See Rocky Mountain Thrift Stores v. Salt Lake City Corp.,* 887 P.2d 848, 851 (Utah 1994).   G.E. submitted evidence that showed it did not owe a duty to Gerbich, thereby negating the first element. That evidence included the following: Numed was the lessor to the hospital, not G.E., and the contract and Maxiservice

Agreement between G.E. and Numed make it plain that G.E. was under no obligation to maintain the trailer's steps once the trailer was in place. The Maxiservice Agreement states: "[t]he service portion of this Agreement covers the GE CT8800 system only and does not apply to any part of the trailor [sic.] or its subsystems." Furthermore, Gerbich has not shown that G.E. constructed or designed the steps; she has merely alleged a *belief* that G.E. improperly designed the steps. This is insufficient to show that G.E. was negligent in designing the steps such that G.E. would have a duty to any possible users of them.

¶ 15 When G.E. produced evidence that there was no basis for imposing a duty on it to users of the trailer, the onus shifted to Gerbich to prove otherwise. *See Jensen*, 944 P.2d at 339; *see also* Utah R. Civ. P. 56(e). Gerbich offered no affidavits negating G.E.'s evidence. As noted above, under rule 56(e), when a party properly supports a motion for summary judgment, as G.E. did here by referring to Gerbich's admissions, which showed that there were no material facts in dispute, and by offering a copy of the contract which negated the existence of a duty, the other party "must set forth specific facts showing that there is a genuine issue for trial" and may not merely rely on her allegations. Utah R. Civ. P. 56(e). Because Gerbich failed to offer any proof showing either that there was a material fact question or that G.E. owed her a duty, we find that the trial court correctly granted summary judgment to G.E.

¶ 16 We move to Gerbich's second claim of error: that the trial court abused its discretion in refusing to allow Gerbich's expert witness to testify. This court will overturn a trial court ruling excluding a proffered witness if the appellant demonstrates that the trial court has overreached the broad discretion granted it and thereby affected the appellant's substantial rights. *See* Utah R. Evid. 103(a)(2); *Turner v. Nelson*, 872 P.2d 1021, 1023 (Utah 1994) (applying abuse of discretion standard in reviewing trial court's refusal to allow undisclosed witness to testify (citing Utah R. Evid. 103)); *State v. Albretsen*, 782 P.2d 515, 518–19 (Utah 1989); *Hardy v. Hardy*, 776 P.2d 917, 924 (Utah Ct.App. 1989); *see also State v. Pena*, 869 P.2d 932, 938 (Utah 1994) (stating that evidentiary rulings are on the broad end of the discretion spectrum). In determining whether a trial court has abused its discretion in excluding a witness's testimony where the witness was not disclosed beforehand, we ask whether the testimony of the excluded witness could have been reasonably anticipated by the objecting party prior to trial or whether the testimony constituted unfair surprise. *See Turner*, 872 P.2d at 1024.[2]

¶ 17 Here, Gerbich had argued in her brief to the trial court that Numed failed to follow city ordinances. It was reasonable for Numed to assume, as it did, that the city's inspector was being called to testify regarding those ordinances and for the trial court to conclude, as it did, that general safety testimony from this inspector would be an unfair surprise. As the appellant, Gerbich has the burden of showing that the trial court erred. *See Turner*, 872 P.2d at 1024. Gerbich has not met her burden. Therefore, we conclude that the trial court did not abuse its discretion when it prevented the inspector from testifying as an expert based on the lateness of the designation and the fact that Numed's counsel did not have an opportunity to either prepare a cross-examination or call rebuttal witnesses.

¶ 18 In conclusion, we affirm the trial court on these issues and find Gerbich's remaining claim of error to be without merit.

¶ 19 Chief Justice HOWE, Associate Chief Justice DURHAM, Justice STEWART and Justice RUSSON join in Justice ZIMMERMAN's opinion.

---

2. While *Turner* dealt with rebuttal witnesses, the analysis in that case is appropriate here. In both cases, a party offered a previously-unknown witness. In *Turner*, the court looked to the surprise of the party opposing the witness in determining whether the opposing party would be prejudiced by allowing the use of the previously-unknown witness. While the witness in the present case is a witness for the case in chief, and was presented as a potential expert witness, the same considerations of the opposing party's surprise are relevant.