2000 Utah Ct. App. 130

**Mary Ann Lucero DIPOMA, Plaintiff and Appellant,**

v.

**Brian McPHIE; and Does 1 through 20, whose true names are unknown, Defendants and Appellees.**

No. 990526–CA.

Court of Appeals of Utah.

May 4, 2000.

Craig S. Cook, Salt Lake City, for Appellant.

Paul M. Belnap and Darren K. Nelson, Strong & Hanni, Salt Lake City, for Appellees.

Before GREENWOOD, P.J., BENCH, and ORME, JJ.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Appellant, Mary Ann Lucero Dipoma, appeals from the trial court's dismissal of her action for failure to properly file her complaint with the required filing fee within the applicable statute of limitation period. We conclude Dipoma's action was timely filed and, therefore, reverse.

## BACKGROUND [1]

¶ 2 On November 24, 1997, Dipoma filed a pro se complaint against Brian McPhie seeking damages for injuries she sustained in a traffic accident on November 29, 1993. At the time she filed the complaint, Dipoma submitted a personal check for payment of the filing fee. The check was returned to the clerk of the court for insufficient funds on December 29, 1997—after the applicable four-year statute of limitation had run. *See* Utah Code Ann. § 78–12–25 (1996). The record does not disclose when the court clerk notified Dipoma that her check had been returned. The record does reflect, however, that Dipoma attempted to pay with another personal check on March 10, 1998. The court clerk would not accept the check and informed Dipoma that she must pay "with another form." According to the record, Dipoma paid the filing fee on August 11, 1998. A summons was issued on August 13, 1998 and McPhie was served on August 26, 1998, almost nine months after the statute of limitation had run. Dipoma has not submitted anything to suggest she was unable to pay the filing fee.

¶ 3 McPhie moved for summary judgment, arguing that Dipoma had not commenced her action within the applicable four-year statute of limitation because her complaint was not "filed" until August 11, 1998, when she paid the required fee. The trial court granted McPhie's motion on May 12, 1999, holding that a complaint accompanied by a check

---

1. The facts pertinent to the issues on appeal are undisputed.

later returned for insufficient funds is not filed for purposes of satisfying a statute of limitation. Dipoma filed a timely notice of appeal on June 10, 1999.

## ISSUES AND STANDARD OF REVIEW

 ¶4 Dipoma claims the trial court erred in determining she had not filed her action within the applicable statute of limitation. McPhie argues that even if the trial court erred in dismissing Dipoma's action based on her failure to pay the fee prior to the lapse of the limitation period, we should affirm the trial court on the alternative ground that Dipoma did not tender the filing fee within a reasonable time. These issues present questions of law which we review for correctness. *See Gerbich v. Numed Inc.,* 1999 UT 37, ¶10, 977 P.2d 1205; *State v. Pena,* 869 P.2d 932, 936 (Utah 1994). This court may affirm a lower court's ruling on any alternative ground " 'even though that ground or theory was not identified by the lower court as the basis of its ruling.' " *State v. Jarman,* 1999 UT App 269, ¶5 n. 2, 987 P.2d 1284 (citation omitted).

## ANALYSIS

### Whether Filing Fees Are Jurisdictional

¶5 McPhie argued and the trial court agreed that the Utah Code requires the payment of filing fees prior to the commencement of an action. On this basis, the trial court determined that the Legislature intended filing fees to be a jurisdictional prerequisite for commencing an action. For this case, the applicable portion of Rule 3 of the Utah Rules of Civil Procedure states: "A civil action is commenced ... by filing a complaint with the court...." Utah R. Civ. P. 3(a)(1). McPhie argues that "filing" in Rule 3 incorporates sections 21-1-1, 21-1-5 and 21-7-2 of the Utah Code which set forth the court clerk's duties and required filing fees. Because these sections require that the court clerk collect filing fees in advance of performance of services, McPhie claims that payment of filing fees is a jurisdictional requirement. On the other hand, Dipoma argues that Rule 3 neither expressly incorporates these sections nor contains any language requiring filing fees, and thus paying filing fees is not a jurisdictional requirement to commence an action.

¶6 Section 21-1-1 states: "For services performed in their respective offices, the officers named in this chapter shall collect in advance for the use and benefit of the state the fees hereinafter enumerated and such other fees as may be provided by law." Utah Code Ann. § 21-1-1 (1998). Like section 21-1-1, section 21-7-2 mandates that state and county officers collect fees in advance of rendering any service: "The state and county officers mentioned in this title may not perform any official service unless the fees prescribed for that service are paid in advance." *Id.* § 21-7-2(1)(a). Section 21-1-5(1)(a) sets forth the required fee for commencing an action: "The fee for filing any civil complaint or petition invoking the jurisdiction of a court of record not governed by another subsection is $120." *Id.* § 21-1-5(1)(a). Finally, section 21-1-5(1)(cc) states: "all fees shall be paid at the time the clerk accepts the pleading for filing or performs the requested service." *Id.* § 21-1-5(1)(cc) (Supp.1999).

¶7 Utah courts have not addressed whether filing fees are jurisdictional at the trial court level. Other state and federal courts, however, have addressed the interplay between Rule 3 and filing provisions with differing results. For example, the Colorado Court of Appeals addressed this issue under the same factual context—improper payment of fees due to a check drawn on insufficient funds. *See Broker House Int'l, Ltd. v. Bendelow,* 952 P.2d 860, 862-63 (Colo.Ct.App. 1998). Similar to Utah, Colorado's rules of civil procedure are modeled after the federal rules, and Colorado has a statute which requires payment of fees at the time a complaint is filed. *See id.* The Colorado Court of Appeals concluded that under this statutory scheme, a complaint accompanied by an insufficient funds check is not filed for purposes of satisfying the applicable statute of limitation. *See id.* at 863.

¶8 Like Colorado, other courts have determined that filing fees are jurisdictional and have noted the distinction between filing fees at the trial court level as opposed to the

appellate level. *See, e.g., Wanamaker v. Columbian Rope Co.*, 713 F.Supp. 533, 538 (N.D.N.Y.1989), *aff'd*, 108 F.3d 462, 465 (2nd Cir.1997) (discussing the distinction and finding that under federal rules failure to pay fee is jurisdictional); *Keith v. Heckler*, 603 F.Supp. 150, 156–57 (E.D.Va.1985) (same); *De–Gas, Inc. v. Midland Resources*, 470 So.2d 1218, 1222 (Ala.1985) (same under Alabama rules of procedure); *Boostrom v. Bach*, 622 N.E.2d 175, 176–77 (Ind.1993) (same under Indiana rules of procedure). While courts have held that docketing fees are not jurisdictional at the appellate level,[2] *Wanamaker*, *Keith*, *De–Gas*, and *Boostrom* have distinguished filing fees at the trial court level from fees on appeal based on the procedural differences in commencing an action as opposed to appealing a judgment or order. Significantly, one court stated:

> Authorizing the commencement of the district court action without the required fee would breed countless administrative and procedural woes, and give to the Clerk's Office an element of discretion where none was intended. The Clerk's Office could be converted into a part-time credit institution, spending significant energy collecting fees as well as extending credit.

*Keith*, 603 F.Supp. at 157. Furthermore, one court commented that requiring filing fees at the trial court level discourages parties from filing frivolous complaints. *See De–Gas*, 470 So.2d at 1220.

¶ 9 Nevertheless, the majority of courts considering this issue have concluded that prepayment of filing fees is not jurisdictional at the trial court level. For example, a Kansas federal district court examined the issue under the federal rules of civil procedure in conjunction with local rules for the District of Kansas, and determined that while 28 U.S.C. § 1914(a) uses the word "shall," it does not state when the fee is required. *See Burnett v. Perry Mfg., Inc.*, 151 F.R.D. 398, 402 (D.Kan.1993). The court stated, "[w]hen read with 28 U.S.C. § 1914(c), in which Congress allows each district court to require by rule advance payment of fees, it seems clear

that Congress did not intend by 28 U.S.C. § 1914(a) to require parties to pre-pay the fee." *Id.* Because the Kansas district had no local rule requiring the prepayment of fees, the court concluded that prepayment was not a jurisdictional requirement. *See id.* In arriving at this conclusion, the court noted that "[a]lthough there is a split among federal courts, the greater weight of authority indicates that the filing fee requirement is not jurisdictional." *Id.* at 401 (citations omitted); *cf. Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 258–59 (10th Cir.1994) (discussing split between circuits and finding "district court authority supporting either argument").

¶ 10 Utah appellate courts have not addressed whether filing fees are jurisdictional in order to commence an action, but our courts have examined whether fees are jurisdictional on appeal. *See, e.g., State v. Johnson*, 700 P.2d 1125, 1129 n. 1 (Utah 1985); *Prowswood, Inc. v. Mountain Fuel Supply Co.*, 676 P.2d 952, 955, 958 (Utah 1984); *In re Estate of Ratliff*, 19 Utah 2d 346, 431 P.2d 571, 573 (Utah 1967); *Jacobsen v. Jeffries*, 86 Utah 587, 47 P.2d 892, 893 (Utah 1935) (per curiam); *Bunch v. Englehorn*, 906 P.2d 918, 919 (Utah Ct.App.1995); *Hausknect v. Industrial Comm'n*, 882 P.2d 683, 685 (Utah Ct.App.1994), *cert. granted*, 892 P.2d 13 (Utah 1995), *dismissed by*, 938 P.2d 248 (Utah 1996). While not controlling on this precise issue, these cases are instructive in their reasoning. Importantly, Utah courts have consistently looked to the plain language of the statutes and rules when construing them. *See Hausknect*, 882 P.2d at 685 (declining to read additional language into rule).

¶ 11 Prior to 1985, Rule 73 of the Utah Rules of Civil Procedure governed filing appeals. Rule 73 stated, in relevant part:

> "A party may appeal from a judgment by filing with the district court a notice of appeal, together with sufficient copies thereof for mailing to the Supreme Court

---

**2.** *See, e.g., Parissi v. Telechron, Inc.*, 349 U.S. 46, 47, 75 S.Ct. 577, 577, 99 L.Ed. 867 (1955) (per curiam) (holding that appellate fees are not jurisdictional); *Finch v. Finch*, 468 So.2d 151, 154 (Ala.1985) (same); *Brady v. Eastern Indiana Prod. Credit Ass'n*, 396 N.E.2d 335, 335 (Ind. 1978) (same).

and all other parties to the judgment, [2] *and depositing therewith the fee required for docketing* the appeal in the Supreme Court."

*Prowswood*, 676 P.2d at 954–55 (quoting Utah R. Civ. P. 73) (alteration in original). After setting forth these two requirements, Rule 73 stated: " '*Failure of the appellant to take any of the further steps* to secure the review of the judgment appealed from does not effect the validity of the appeal....' " *Id.* at 958 (quoting Utah R. Civ. P. 73(a)) (omission in original).

¶ 12 In *Prowswood*, our supreme court determined that this language expressly made the notice of appeal and docketing fee requirements jurisdictional and the further steps nonjurisdictional. *Id.* The *Prowswood* court distinguished Rule 73 from Rule 3 of the Federal Rules of Appellate Procedure. Federal Rule 3 sets forth only the requirement that appellant must file a notice of appeal, and then states: " 'Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.... ' " *Id.* (quoting Fed. R.App. P. 3(a)). The court concluded that, unlike Rule 73, which required both notice and the docketing fee, Federal Rule 3 required only the timely filing of the notice of appeal. *See id.*

¶ 13 Utah Supreme Court opinions preceding *Prowswood* also construed Rule 73 to require payment of the docketing fee as a prerequisite to commencing an appeal. The court held: " 'Leaving a paper with a filing officer, a fee for the filing of which is by statute required to be paid in advance, is not a filing.' " *Ratliff*, 431 P.2d at 573 (quoting *Jacobsen*, 47 P.2d at 893). Because Rule 73 contained express language requiring payment of the docketing fee, the court interpreted Rule 73 as consistent with the statute

that required court clerks to collect fees in advance. *See id.*

¶ 14 Shortly after the *Prowswood* decision, the Utah Supreme Court adopted the Utah Rules of Appellate Procedure which became effective on January 1, 1985. Examining Rule 3 of the Utah Rules of Appellate Procedure which replaced Rule 73, the supreme court held: "Under Rule 3, the timely payment of fees on an appeal from the district court to this Court is no longer jurisdictional." [3] *State v. Johnson*, 700 P.2d 1125, 1129 n. 1 (Utah 1985). Appellate Rule 3, which is modeled after the federal rule distinguished in *Prowswood*, contains no reference to payment of fees at the time of filing as a jurisdictional requirement. *See Hausknect*, 882 P.2d at 685 n. 3.

¶ 15 Finally, in *Hausknect*, this court addressed the question of whether payment of docketing fees is a jurisdictional requirement for an appeal from an administrative order under Rule 14 of the Utah Rules of Appellate Procedure. Rule 14(b) states:

> "At the time of filing any petition for review, the party obtaining the review *shall* pay to the clerk of the appellate court such filing fees as are established by law, and also the fee for docketing the appeal. The clerk *shall not* accept a petition for review unless the filing and docketing fees are paid."

*Id.* at 684 (quoting Utah R.App. P. 14(b)). The appellant in *Hausknect* argued that, like Rule 3, Rule 14 does not mandate the payment of fees in advance as a jurisdictional requirement. *See id.* After noting that Rule 3 expressly states that failure to pay fees does not affect the validity of an appeal, we noted that Rule 14 contains different language than Rule 3 and mandates that fees are "a prerequisite to acceptance of a petition for review by the clerk of the appellate court." *Id.* at 685. Specifically, we stated: "Language limiting the jurisdictional effect of failure to comply is notably absent from Rule

---

3. Utah R.App. P. 3(a) provides:
 An appeal may be taken from a district or juvenile court to the appellate court with jurisdiction over the appeal from all final orders and judgments, except as otherwise provided by law, by filing a notice of appeal with the

clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal....

14, and we decline to read it into the rule." *Id.*

¶ 16 Unlike Rule 14, Rule 3 contains no specific reference to filing fees as a jurisdictional necessity nor does it incorporate sections 21–1–1, 21–1–5 or 21–7–2 of the Utah Code as jurisdictional requirements. The plain language of Rule 3 merely requires that a plaintiff "file" a complaint with the court clerk. Reference to filing fees as a jurisdictional prerequisite to commencing an action is "notably absent" from Rule 3, and "we decline to read it into the rule." *Id.* Sections 21–1–1, 21–1–5, and 21–7–2 are merely directive to court clerks. If, as occurred in this case, a plaintiff submits a complaint with a personal check and the clerk accepts the complaint prior to the lapse of the applicable statute of limitation, the complaint is filed for purposes of Rule 3, regardless of whether the check is later returned for insufficient funds. As a practical matter, sections 21–1–1, 21–1–5 and 21–7–2 dictate that filing fees be paid at the time the complaint is filed in order to be accepted by the court clerk, but this is not a jurisdictional requirement.

¶ 17 Accordingly, in the absence of plain language making filing fees jurisdictional, we decline to read such a requirement into the statute. In the case of a check returned for insufficient funds, such a reading could potentially lead to a harsh, unintended result. A check can be returned for insufficient funds for a multitude of reasons—some of which are beyond the payor's ability to control. While no evidence was submitted in this case to suggest such a problem, a potential plaintiff should not have his or her case dismissed due to bank error or some other problem beyond their control. The argument that courts should not act as collection agencies is likewise unpersuasive and cannot

be used to trump the plain meaning of the rule. Our courts assess fees for a myriad of different reasons, and, as explained at oral argument, typically assess a fee for bounced checks. Collecting on a bounced check would neither add a significant burden to a clerk's typical duties, nor would it turn the court into a credit agency. Because Rule 3 of Utah Rules of Civil Procedure only requires a plaintiff to file a complaint in order to commence an action, the trial court erred in dismissing Dipoma's action for failure to tender the required fee prior to the lapse of the applicable statute of limitation.

### Whether Dipoma Paid Within Reasonable Time

¶ 18 McPhie argues that even if filing fees are not jurisdictional, we should affirm the trial court's dismissal because Dipoma's payment of her filing fee nine months after it was due was unreasonable. McPhie raises this argument for the first time in his brief to this court. Generally, "[t]o preserve a substantive issue for appeal, a party must first raise the issue before the trial court." *Hart v. Salt Lake County Comm'n*, 945 P.2d 125, 129 (Utah Ct.App.1997), *cert. denied,* 953 P.2d 449 (Utah 1997); *see Certified Sur. Group, Ltd. v. UT Inc.*, 960 P.2d 904, 906 n. 3 (Utah 1998). It is true, as the dissent suggests, that we may latch on to a new ground if, on that basis, it is possible to affirm the trial court. The new ground does not offer such an opportunity here. The record does not include any indication that the court gave Dipoma a deadline for submitting her fee, making it difficult to see how her eventual payment, which was accepted by the clerk without incident, was not made within a reasonable time under the circumstances.[4] Furthermore, we see no reason why the court could not issue a notice or order directing a

---

4. The cases relied on by the dissent do not stand for the general proposition that if a clerk accepts a complaint and files it, and later learns that a check for the filing fee bounced and so advises plaintiff that plaintiff has only a reasonable time within which to bring in alternate payment. Nor do they recognize delays in payment which, as a matter of law, are of unreasonable duration based on length alone. Rather, these federal cases all turn on the interplay of provisions of federal law and practice, including Title VII's

ninety-day period within which to sue after getting an EEOC right-to-sue letter and the practice of receiving and retaining a complaint in the clerk's office but not officially filing it until payment is received or *in forma pauperis* status secured. In each of these cases, the *initial* payment was made, and the complaint officially filed, only after the elapse of ninety-days, as calculated to include periods in which the deadline was tolled pending plaintiff's notification that *in forma pauperis* status had been denied.

plaintiff to submit the required fee by a certain date or face dismissal of the action.

## CONCLUSION

¶ 19 We determine that the plain language of Rule 3 of the Utah Rules of Civil Procedure contains no requirement that filing fees be paid prior to commencing an action to vest a trial court with jurisdiction and avoid running of a statute of limitation. Accordingly, we reverse the trial court's dismissal of Dipoma's action.

¶ 20 I CONCUR: GREGORY K. ORME, Judge.

BENCH, Judge (concurring and dissenting):

¶ 21 I agree with the portion of the main opinion holding that payment of the filing fee is not jurisdictional. I disagree, however, with the main opinion's determination that we cannot reach the alternative basis for affirmance presented by appellee because it was not raised below. This position is contrary to Utah case law, which provides:

> "The appellate court will affirm the judgment, order, or decree appealed from if it is sustainable on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action, and *this is true even though such ground or theory is not urged or argued on appeal by appellee, was not raised in the lower court, and was not considered or passed on by the lower court.*"

*Limb v. Federated Milk Producers Ass'n,* 23 Utah 2d 222, 461 P.2d 290, 293 n. 2 (1969) (emphasis added) (quoting 5 C.J.S. *Appeal & Error* § 1464(1)). Thus, under controlling Utah law, an alternative ground for affirmance need not be raised in or considered by the trial court. Accordingly, we must address the alternative ground for affirmance that appellee has presented on appeal.

¶ 22 Appellant attempted to pay the filing fee by personal check when she filed her complaint on November 24, 1997. The check was returned to the court clerk for insufficient funds on December 29, 1997. It is

unclear from the record exactly when appellant received notice that her check had bounced. It may have been as early as December, but it was certainly no later than March 10, 1998. This later date was when appellant attempted to pay the filing fee with a second check, but the court clerk insisted on another form of payment because the first check had bounced. In any event, appellant allowed an additional five months to elapse before she finally paid the filing fee on August 11, 1998. In my opinion, waiting more than five months to pay the filing fee after being informed that a check has bounced is unreasonable, as a matter of law.

¶ 23 I would therefore affirm the dismissal of the complaint on the alternative ground that, after receiving notice that the original payment was returned for insufficient funds, a litigant must pay the mandatory filing fee within a reasonable time. *See, e.g., Truitt v. County of Wayne,* 148 F.3d 644, 648–49 (6th Cir.1998) (waiting 120 days to pay filing fee after receiving notice of denial of *in forma pauperis* application unreasonable); *Williams–Guice v. Board of Educ.,* 45 F.3d 161, 165 (7th Cir.1995) (103 day delay unreasonable); *Jarrett v. U.S. Sprint Communications Co.,* 22 F.3d 256, 259 (10th Cir.1994) (five month delay unreasonable). Appellant clearly did not pay the filing fee in this case within a reasonable time.