2010 UT 57

James D. CLARK, in his capacity as Personal Representative for the Estate of Dale D. Clark, Plaintiffs and Respondents,

v.

Mark B. ARCHER, and Bonneville Superior Title, Defendants and Petitioner.

No. 20090309.

Supreme Court of Utah.

Oct. 5, 2010.

Jeffery S. Williams, Jed K. Burton, Salt Lake City, for plaintiffs.

B. Ray Zoll, Micah Bruner, Salt Lake City, for defendant.

DURHAM, Chief Justice:

## INTRODUCTION

¶ 1 This case involves a previous, unsuccessful petition for interlocutory appeal of a judgment certified as final under rule 54(b) of the Utah Rules of Civil Procedure. The interlocutory petition was denied by the court of appeals in 2008, and many months later, the Appellant (Mr. Archer) attempted to appeal the same issues (this time as an appeal as of right) at the conclusion of the trial in the district court. The court of appeals held that it lacked jurisdiction to hear

the second appeal, because it was untimely as to the previously certified issues. The court of appeals also held that by failing to bring a timely appeal as of right, Mr. Archer had waived his argument that the judgment was improperly certified under rule 54(b). Because a plain reading of the relevant rules requires an appellant to bring an appeal as of right within thirty days of final judgment, we affirm the court of appeals' decision.

## BACKGROUND

¶ 2 In the midst of a civil case involving various causes of action, the district court issued a "Final Judgment" on March 10, 2008, granting summary judgment on one cause of action. The district court certified its ruling as final under rule 54(b) of the Utah Rules of Civil Procedure, stating: "the Court expressly finds no just reason exists to delay the entry of a final judgment."

¶ 3 Rather than filing an appeal as of right from the certified order, Mr. Archer filed a petition for interlocutory appeal with this court on March 31, 2008. We transferred the matter to the court of appeals for disposition, and that court denied the petition on April 25, 2008.

¶ 4 Months later, the district court dismissed all remaining claims in the underlying case. Mr. Archer then filed a direct appeal to this court on the same issues he had earlier raised in the petition for interlocutory appeal. Once again, we transferred the matter to the court of appeals.

¶ 5 The court of appeals held that Mr. Archer was challenging a ruling that had been certified as final under rule 54(b) of the Utah Rules of Civil Procedure in March 2008, and therefore he was well beyond the thirty-day limit for filing a direct appeal. *See* Utah R.App. P. 4(a). Because Mr. Archer's appeal was not timely filed, the court of appeals held that it lacked jurisdiction to hear the appeal. The court of appeals also held that Mr. Archer had waived his argument that the summary judgment order was not properly certified as final under rule 54(b) by failing to timely file a direct appeal.

¶ 6 We granted the petition for writ of certiorari to consider whether the court of appeals erred in dismissing the appeal for lack of jurisdiction, and whether Mr. Archer had waived the opportunity to challenge the propriety of a rule 54(b) certification in connection with his appeal.

¶ 7 We have jurisdiction over this matter under Utah Code section 78A–3–102(3)(a).

## STANDARD OF REVIEW

¶ 8 "On certiorari, we review the court of appeals' decision for correctness." *Magana v. Dave Roth Constr.*, 2009 UT 45, ¶ 19, 215 P.3d 143.

## ANALYSIS

I. WHEN A JUDGMENT IS CERTIFIED AS FINAL UNDER RULE 54(b) OF THE UTAH RULES OF CIVIL PROCEDURE, AN APPELLANT MUST FILE AN APPEAL AS OF RIGHT UNDER RULES 3 AND 4 OF THE UTAH RULES OF APPELLATE PROCEDURE

¶ 9 When interpreting procedural rules, we use our general rules of statutory construction. *Arbogast Family Trust v. River Crossings, LLC*, 2010 UT 40, ¶ 18, 238 P.3d 1035. Thus we begin by looking at the plain language of the relevant procedural rules. *Burns v. Boyden*, 2006 UT 14, ¶ 19, 133 P.3d 370. If a rule's language is clear and unambiguous, analysis of the rule's meaning ends. *See State ex rel. Z.C.*, 2007 UT 54, ¶ 11, 165 P.3d 1206. Rule 54(b) of the Utah Rules of Civil Procedure provides in part:

> When more than one claim for relief is presented in an action, ... and/or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment.

The rule plainly authorizes the district court to enter a final judgment on a subset of claims or for a subset of parties under certain conditions. Here, although Mr. Archer argues that the district court erred in certify-

ing the judgment as final, there is no dispute that the district court did so expressly. Because the judgment was entered as final, rules 3 and 4 of the Utah Rules of Appellate Procedure clearly apply. Those two rules are respectively entitled "Appeal as of right: how taken," and "Appeal as of right: when taken." The rules begin with the words *"Filing appeal from final orders and judgments"* and *"Appeal from final judgment and order,"* respectively. Utah R.App. P. 3(a), 4(a). These rules provide the procedural mechanism for a party to appeal a final order. When a district court has entered a final judgment, parties to the litigation are bound to follow the procedural requirements of these two rules in seeking appellate review.

¶ 10 To further clarify matters, rule 5, which deals with discretionary appeals from interlocutory orders, states in part that:

A timely appeal from an order certified under rule 54(b), Utah Rules of Civil Procedure, that *the appellate court determines is not final may, in the discretion of the appellate court,* be considered by the appellate court as a petition for permission to appeal an interlocutory order. The appellate court *may direct the appellant to file a petition that conforms to the requirements of paragraph (c)* of this rule [which outlines the required contents of a petition for permission to appeal].

Utah R.App. P. 5(a) (emphases added). This rule gives the appellate court discretion to treat an appeal as of right from an erroneously certified rule 54(b) judgment as a petition for permission for interlocutory appeal. The fact that this decision is in "the discretion of the appellate court" and that "[t]he appellate court may direct the appellant" to conform to the requirements of petitions for interlocutory appeal clearly assumes that a rule 54(b) appeal properly begins as an appeal as of right, notwithstanding any concerns about the correctness of the certification. Indeed, this rule anticipates the precise situation in which Mr. Archer finds himself: wanting to appeal a rule 54(b) order that he believes was improperly certified as final. Therefore, under the plain language of the relevant rules,

Mr. Archer should have filed an appeal as of right, including in the appeal an argument urging the appellate court to treat it as an interlocutory appeal if the court were to determine it to be non-final.

## II. THE COURT OF APPEALS DID NOT HAVE JURISDICTION TO CONSIDER MR. ARCHER'S SECOND APPEAL OF THE RULE 54(b) JUDGMENT

¶ 11 Mr. Archer makes two alternative arguments regarding why the court of appeals should have held it had jurisdiction to consider the second appeal. For the reasons described below, we affirm the court of appeals' decision that it lacked jurisdiction.

*A. Mr. Archer's Interlocutory Appeal Cannot Be Deemed Sufficient Notice of a Direct Appeal From a Rule 54(b) Order*

█ ¶ 12 Mr. Archer has argued that we should consider his petition for an interlocutory appeal of the rule 54(b) final judgment filed in March 2008 as timely notice of an appeal as of right under rules 3 and 4 of the Utah Rules of Appellate Procedure. He relies on the reasoning of *Cedar Surgery Center., L.L.C. v. Bonelli,* a case involving a dispute over whether a petition for interlocutory appeal was proper. 2004 UT 58, ¶ 9, 96 P.3d 911. In that case there was no rule 54(b) certification, and this court declined to decide if the district court's order was final or not. We held that we had jurisdiction over the appeal in any case, because the interlocutory petition gave timely notice under rules 3 and 4 of the Utah Rules of Appellate Procedure. *Id.* ¶¶ 10–12.

¶ 13 We now hold that the rationale of *Cedar Surgery Center* does not apply when a district court has expressly certified a rule 54(b) judgment as final. Such presumptively final judgments provide clear direction to an appellant as to the proper procedures to follow under rules 3 and 4 of the Utah Rules of Appellate Procedure. These rules required Mr. Archer to file an appeal as of right (as explained in section part I of this opinion), even if he disputed the propriety of the rule 54(b) certification. His failure to do so cannot be corrected by the erroneous fil-

ing of a petition for interlocutory appeal. It is not unreasonable to require attorneys to correctly apply clear and unambiguous procedural rules. *See Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir.2000) ("[E]xperienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal.").

¶ 14 Because Mr. Archer's second appeal of this judgment was filed well beyond the thirty days allowed for an appeal as of right, the court of appeals was correct in holding that it did not have jurisdiction to consider it. *See Prowswood, Inc. v. Mountain Fuel Supply Co.*, 676 P.2d 952, 955 (Utah 1984)("It is axiomatic in this jurisdiction that failure to timely perfect an appeal is a jurisdictional failure requiring dismissal of the appeal.") *superseded in part by procedural rule on other grounds*, Utah R.App. P. 3, *as recognized in Dipoma v. McPhie*, 2000 UT App 130, ¶ 14, 1 P.3d 564.

### B. The Court of Appeals Did Not Retain Jurisdiction to Consider Whether the Rule 54(b) Certification was Proper

■ ¶ 15 Alternatively, Mr. Archer argues that the rule 54(b) certification in this case was erroneous, and therefore the appeal clock should not begin to run from the time of that certification. Jurisdictions differ on how to handle this issue. For example, the Tenth Circuit has held that if a judgment is improperly certified as final, the appeal clock will not begin running at the time of certification, because the judgment is not actually "final." *See Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 262 F.3d 1089, 1107–08 (10th Cir.2001). In contrast, the Ninth Circuit maintains that "[a] [r]ule 54(b) determination, *right or wrong, starts the time for appeal running.* This avoids uncertainty for counsel about when to appeal." *Lindsay v. Beneficial Reinsurance Co. (In re Lindsay)*, 59 F.3d 942, 951 (9th Cir.1995) (emphasis added).

¶ 16 We agree with the reasoning of *Lindsay* that "[a] rule 54(b) judgment does not give the prospective appellant an election to appeal at that time or later, when the entire case is over." *Id.* We make no judgment as to whether the district court's rule 54(b) cer-

tification was proper in Mr. Archer's case, but hold that, right or wrong, the certification started the appeal clock running. This approach provides clarity for counsel on when to appeal and gives proper presumptive deference to the orders of trial courts. It does not leave counsel without remedy, since the appellate court has the discretion to find a rule 54(b) certification improper on review, and may dismiss an appeal on those grounds, or treat the appeal as a petition for interlocutory appeal. *See id.; see also* Utah R.App. P. 5. But it is counsel's responsibility to raise that argument in an appeal as of right within the time allowed for direct appeal from a presumptively final order. *See* Utah R. App P. 4(a).

¶ 17 Because Mr. Archer did not file an appeal as of right within the time allowed after the rule 54(b) certification, the court of appeals correctly determined that he waived the opportunity to argue that the rule 54(b) certification was improper. *See Lindsay*, 59 F.3d at 951 ("Untimely notice of appeal is a jurisdictional defect. . . ."); *Serrato v. Utah Transit Auth.*, 2000 UT App. 299, ¶ 7, 13 P.3d 616 ("If an appeal is not timely filed, this court lacks jurisdiction to hear the appeal.").

### CONCLUSION

¶ 18 Mr. Archer failed to file an appeal as of right from a final judgment certified under rule 54(b) of the Utah Rules of Civil Procedure in the time allowed under rule 4 of the Utah Rules of Appellate Procedure. His attempt to obtain interlocutory review of that judgment did not serve as a substitute for a timely appeal of right. Because his second appeal of the order was untimely, the court of appeals lacked jurisdiction to hear the appeal. Accordingly, we affirm.

¶ 19 Associate Chief Justice DURRANT, Justice PARRISH, Justice NEHRING, and Judge ATHERTON concur in Chief Justice DURHAM'S opinion.

¶ 20 District Judge JUDITH S. ATHERTON sat.